**John HUGHES, Jr., Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 9611.**

District of Columbia Court of Appeals.

Argued March 10, 1976.

Decided July 28, 1976.

Donald F. Rosendorf, Washington, D.C., appointed by the court, for appellant.

Mark H. Tuohey, III, Asst. U. S. Atty., Washington, D.C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, William D. Pease and Toby W. Kaczensky, Asst. U. S. Attys., Washington, D.C., were on the brief, for appellee.

Before KELLY, GALLAGHER and NEBEKER, Associate Judges.

KELLY, Associate Judge:

Appellant was convicted by a jury of carrying a pistol without a license (D.C. Code 1973, § 22–3204). The pistol in question was seized from a parked car · in which appellant and a codefendant were sitting at the time of their arrest and was the subject of a pretrial motion to suppress. It is the denial of that suppression motion which is the principal claim of error on appeal.

I

At the pretrial hearing Detective Thomas Burke testified to the receipt of information from a Prince Georges County Police Officer that he had observed two black males · (appellant and the codefendant), both known to him,[1] make two sales of a narcotic drug in an alley in the 1600 block of Kenilworth Avenue, N.E. He had been informed that both men possessed pistols. The officer told Burke that about 9:30 p. m. he had seen the two men seated in a blue Mercury bearing D.C. tags and with a damaged left fender, and had watched them pass the narcotics to one Jesse Brown, also known to him, in exchange for money. When the car drove off, the officer followed it to 4404 Pond Street, N. E.

Along with other Metropolitan Police Officers, Detective Burke proceeded immediately to the Pond Street address. There

1. The officer had been working on an investigation "involving Mr. Hughes (appellant) and Mr. Murdock (codefendant)."

he observed the vehicle described to him by the Maryland officer parked at the side of the road. It was occupied by two black males. Burke and other officers alighted from their car and approached the suspect vehicle with guns drawn. As he neared the vehicle, Burke observed appellant, the driver, slouch down and lean to his right as if to hide something. The passenger was seen to make a similar movement. Burke quickly identified himself and told the two men they were under arrest. Then, as appellant "rose up" in the seat, Burke opened the car door on the driver's side and saw the weapon in question on the floor of the car. In addition to the pistol, ammunition was seized from appellant's person and narcotics were found on the floor on the passenger side.[2]

At the same hearing appellant also moved that the government be required to disclose the identity of an informant who allegedly was present when the narcotic sales were made.[3] The prosecutor informed the court that while the Prince Georges County Police Officer may possibly have been working with an informant, the government had no evidence that any informant participated in either of the narcotic transactions or was on the scene of the offenses alleged in the indictment. Moreover, no testimony had been adduced on this issue from any witness. After argument, both of appellant's motions were denied.

■■■ Appellant stresses the fact that he was placed under arrest before Detective Burke opened the car door and saw the pistol on the floor in plain view, and claims that probable cause for the arrest was lacking at that time. We cannot

agree, for when Burke and his fellow officers approached the car on Pond Street in which appellant and the codefendant were seated, he possessed information that a police officer from a neighboring county had personally observed two black males, whom he identified by name, selling narcotics from a blue Mercury with a damaged left fender. Obviously, Detective Burke had every reason to believe that this information was reliable and that the persons seated in the car which had been described to him were the two men who had participated in the narcotic sales. Having ample cause to place the men under arrest for the narcotics violations, *Arrington v. United States*, D.C.App., 311 A.2d 838 (1973), he was justified in opening the suspects' car door. Since the detective was in a place where he had a right to be when he spotted the gun in plain view, the discovery of the gun cannot be deemed a search violative of the Fourth Amendment. *Harris v. United States*, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); *Jones v. United States*, D.C.App., 330 A.2d 248 (1974). We conclude, therefore, that the motion to suppress was properly denied.[4]

II

Appellant also contends that the trial court erred in its jury instruction on the government's burden of proof in a criminal case, as well as instructing the jury that if the elements of the offense charged and the identity of the defendant as the perpetrator of that offense were proven beyond a reasonable doubt, the jury had an obligation to convict.

The trial judge instructed the jury at some length on the government's burden of

---

2. Appellant testified that the car in which he was seated bore Maryland license plates. He disclaimed all knowledge of the gun's presence in the car and denied having ammunition on his person.

3. Counsel reasoned that if the Maryland officer had information that the two men possessed pistols, and he did not see the weapons

himself, there must have been another person at the scene of the narcotic sales.

4. We view the complaint that it was error not to require the government to disclose the identity of a supposed informant to be without merit. *E. g., United States v. Skeens*, 145 U.S.App.D.C. 404, 449 F.2d 1066 (1971).

proof and on the meaning of the term "reasonable doubt". In so doing, however, at varying parts of the charge he stated:

> [I]f you find that in your own mind, guilt and innocence are equally balanced, then you must find the defendant not guilty, because you would have a reasonable doubt.
>
> \*   \*   \*   \*   \*   \*
>
> [I]f you can't make your mind up, if your mind is equally balanced, after considering all of the evidence and the law as I have given it to you, as to that particular defendant and that particular count, you must find the defendant not guilty.
>
> \*   \*   \*   \*   \*   \*
>
> If, in your own mind, you cannot make up your mind either way, then you must bring back a verdict of not guilty as to that particular [defendant].

Logically, of course, a juror who felt that evidence of guilt and evidence of innocence was equally balanced would possess a reasonable doubt as to the guilt of the accused. The danger of such an instruction is that a juror may assume that the converse proposition also is true. That is, where the evidence is not evenly balanced and evidence of guilt is slightly more persuasive than evidence of innocence, a verdict of guilty is required.

■ Proof of guilt in a criminal case must be beyond a reasonable doubt, *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), and the jury must be clearly instructed on this standard of proof. An "equally balanced mind" instruction has no place in a criminal charge for it erroneously allows the jury "to use the preponderance of evidence standard in a criminal case." *United States v. Hughes*, 389 F.2d 535, 537 (2d Cir. 1968). *See also United States v. Link*, 202 F.2d 592 (3d Cir. 1953). Such a charge is "wholly foreign to the concept of proof be-

yond a reasonable doubt" and to give it is error. *People v. Garcia*, 54 Cal.App.3d 61, 65, 126 Cal.Rptr. 275, 279 (1975). It has been held, however, that in the absence of an objection, the inclusion of like instructions in a jury charge is neither plain error, *United States v. Marcus*, 401 F.2d 563 (2d Cir. 1968), *cert. denied*, 393 U.S. 1023, 89 S.Ct. 633, 21 L.Ed.2d 567 (1969); *United States v. Baratta*, 397 F.2d 215 (2d Cir.), *cert. denied*, 393 U.S. 939, 89 S.Ct. 293, 21 L.Ed.2d 597 (1968); nor reversible error, *United States v. Clay*, 476 F.2d 1211 (9th Cir. 1973).

■ The record here is somewhat ambiguous because the trial judge interrupted counsel when he attemped to voice an objection to the instructions, but the parties agreed at oral argument that an objection was made. We nonetheless conclude that while the trial judge clearly erred in including the equally balanced mind concept in his jury charge in this particular case, the error was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The conviction in *People v. Garcia, supra*, was for second-degree murder. There was in the case some evidence which, if believed by the jury, would have called for a manslaughter conviction and other evidence, if believed, would have required a not guilty verdict. Under these circumstances the appellate court was unable to say that the error in giving the disputed instruction was harmless beyond a reasonable doubt. In *United States v. Hughes, supra* (income tax evasion), and *United States v. Link, supra* (conspiracy), the issues were complex and a combination of errors, including the objectionable instruction, required reversal. Here, on the other hand, appellant was charged with the illegal possession of a pistol. Neither the issue to be tried nor the testimony at trial was complex. The police officer testified that there was a gun in the car at appel-

lant's feet; appellant said there was not.[5] Thus an issue of stark simplicity was before the jury. Additionally, the objectionable language in the jury charge was interspersed among detailed and repeated references to the government's burden in a criminal case to prove guilt beyond a reasonable doubt so that it is highly unlikely that the jury was confused as to the proper standard to apply in deciding guilt or innocence. These circumstances convince us that, unlike the errors in *Hughes* and *Link,* the error in this case was harmless beyond a reasonable doubt. We, nevertheless admonish trial judges that they "would be well advised to review their standard instruction on burden of proof and reasonable doubt and eliminate all references to 'probabilities' or 'balancing of evidence' . . . . *United States v. Clay, supra* at 1215.

### III

The court also charged the jury as follows:

> But, basically, again, what I have said is, if there is any reasonable way you can find the defendant not guilty, it is your obligation to do so. If you find the Government has proven the elements of a particular offense, beyond a reasonable doubt, and has proven beyond a reasonable doubt, the identity of the person who committed that offense, it is your obligation to convict.

■ The giving of this instruction is alleged to constitute plain error because it in effect directs a verdict against appellant. In *Watts v. United States,* D.C.App., 362 A.2d 706 (1976) (en banc), however, we approved an even stronger charge to the jury and that case is dispositive of the complaint here.

*Affirmed.*

---

5. The testimony at trial was not transcribed but it was stipulated at oral argument that it was essentially the same as the testimony given on the motion to suppress.