### Baker v. Commonwealth.

(Decided September 26, 1924.)

Appeal from Jefferson Circuit Court
(Criminal Division).

1. Intoxicating Liquors—Affidavit, Though Giving Wrong Date, Held Sufficient to Authorize Warrant.—Affidavit for search warrant, reciting that affiant detected odors at time two years in future held not insufficient; it being apparent that date was a mistake.

2. Criminal Law—Verdict Using "Found," Instead of "Charged," Held Sufficient.—Verdict finding defendant guilty as "found" in warrant was sufficient; it being plain that "found" was intended to be "charged."

3. Criminal Law—Immaterial that Verdict Did Not Name Offense.—It was immaterial that verdict did not name offense that defendant was found guilty of when its language as whole left no doubt of offense intended.

4. Criminal Law—Defendant, by Failure to Ask Court to Send Jury Back, Waived Defect in Verdict.—Defendant, by failure to ask

court to send jury back, waived defect in verdict not naming of-
fense and finding defendant guil*y as "found" in warrant.

MARK BEAUCHAMP for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K.
BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

Appellant was charged in a warrant with unlawful
possession of intoxicating liquors.  The evidence was se-
cured under a search warrant issued on the affidavit of a
police officer.  The affidavit was subscribed and sworn to
on the 28th of September, 1923, and the search warrant
issued on that date.  However, the affidavit on its face in
giving affiant's reason for believing defendant guilty of
such unlawful possession states that he on September
28th, 1925, detected unmistakable odors of intoxicating
liquors, and the mash used in making the same, coming
from the house occupied by defendant.

On his trial before a magistrate defendant was found
guilty, and likewise was found guilty on his appeal to the
circuit court.

In the latter court the judgment of guilty was based
upon the following verdict:

"We the jury find the defendant, John C. Baker,
guilty as found in the warrant, and fix his punish-
ment at $200.00 fine and 30 days in jail."

The first ground for reversal is that the affidavit for
the search warrant was insufficient and did not authorize
the issual of the warrant because it recited in its face that
affiant had detected odors at a time two years in the
future, which was a physicial impossibility, and there-
fore furnished no basis for the issual of the search war-
rant.  But the affidavit on its face discloses that the re-
cital as to the date was merely a mistake, for not only
was it physically impossible for the affiant to have de-
tected such odors at a time two years in the future, but
the affidavit was signed and sworn to on the 23rd of Sep-
tember, 1923, and the search warrant itself shows it was
issued on that same day.  The mistake in the date was
so obvious not only on the face of the affidavit itself, but
from the whole transaction, that no intelligent person
could have failed to detect it at a glance.

Manifestly no such patent mistake in the stating of a date should be permitted to invalidate what is otherwise a sufficient affidavit for a search warrant.

The only other complaint is that the form of the verdict in the circuit court was insufficient ·to support the judgment. It is perfectly plain from a reading of the verdict that the word "found" therein was intended to be and should be read as "charged," and the· language of the verdict as a whole cannot be misinterpreted. It is true the verdict does not name the offense of which defendant was found guilty, but this does not invalidate it when from its language as a whole there is no doubt of the offense intended. The reference in the verdict to the warrant made it certain that the charge therein preferred was the one intended. Hunn v. Commonwealth, 143 Ky. 143.

Not only so, the defendant by his failure to ask the court to send the jury back and have this error corrected, waived such a trivial defect. McClees v. Commonwealth, 187 Ky. 533.

Judgment affirmed.