## Crump, et al. v. Commonwealth.

(Decided October 8, 1926.)

### Appeal from Boyd Circuit Court.

1. Criminal Law.—Question presented in appellant's brief, not presented by motion for new trial, will not be considered by reviewing court.

2. Criminal Law.—Evidence held to sustain conviction for grand larceny, as against defense of alibi.

3. Criminal Law.—If, from the whole record, the exact meaning and scope of the verdict can be readily determined, it will be enforced as valid.

4. Larceny.—Verdict, "We, the jury, find defendants guilty and fix their punishment at one year in the penitentiary," held valid, where defendants were charged only with offense of grand larceny, and there was no testimony authorizing a conviction of any degree of it.

5. Criminal Law.—Before defendant can take advantage of uncertainty in verdict, he must first object to verdict in trial court, and ask it to require jury to amend it, so as to remove objection.

6. Criminal Law.—In prosecution for grand larceny, court held not required to define meaning of reasonable doubt.

7. Criminal Law.—That court propounded leading questions to prosecuting witness in prosecution for grand larceny held not ground for complaint, where no objection was made in trial court at the time.

8. Criminal Law.—That verdict of jury was signed by one who attached to her name "Foreman of the Jury," and record did not show that jury elected a foreman, held not ground for complaint, where no objection was made to verdict at trial.

9. Criminal Law.—Petit jury is not required to have a forman, and whether its member who signed verdict designated himself as foreman or not makes no difference.

HOBBS & HANSEN and JOHN W. McKENZIE for appellants.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice Thomas—Affirming.

The appellants, Donald Crump, Paul McKnight and John Haney, were jointly indicted in the Boyd circuit court charged with the offense of grand larceny, committed by feloniously taking and carrying away for their own use $75.00 from the oil or filling station of Charles Weiss and Edward Gray, who were operating it under the firm name of Weiss and Gray, and without their consent. At their joint trial they were convicted and punished by confinement in the penitentiary for the period of one year each; and from the judgment pronounced on that verdict, after their motion for a new trial was overruled, they jointly prosecute this appeal.

The brief of appellants' counsel takes a wide range and argues many questions not presented by the motion for a new trial, and which may at once be dismissed for that reason, and also for the additional one that none of such points possesses any merit whatever. The only grounds discussed in brief which we deem it necessary to notice are: (1), That the verdict is not sustained by the evidence; (2), that it is void because indefinite and uncertain; (3), the court did not properly instruct the jury, and (4) the admission of incompetent evidence.

1.   A young man about 18 years of age was in charge of the filling station at the time it was robbed, which was about 8:20 one evening in December, 1924. He testifies that the three defendants in the indictment appeared at that hour and one of them presented a shot gun and held it on him, while another came into the office with a large club, and they demanded of him to hold up his hands, which he did. The third one went to the till in which the cash obtained from the receipts of the business was kept, and took from it all of its contents, amounting to $75.00, and threw the till on the floor and the three departed. They were not masked, but all of them wore overcoats with the collars turned up and caps with brims pulled down so that a small part of their faces and features were visible. Another young man about the same age or perhaps older was in the office at the time and he corroborated in every particular the testimony of the one in charge. On cross-examination at this trial the witnesses stated that at the examining trial which occurred the next day or shortly thereafter, on cross-examination therein they said, in substance, that they were quite positive

that the three defendants were the ones who committed the larceny with which they were charged, but that it was *possible* that they might be mistaken. But at the time of the trial on the indictment they had been in contact with the defendants more frequently and testified that they were confident that they were guilty parties.

Defendants denied their guilt and relied on an *alibi* which, as is frequently true, was not convincingly established by their witnesses. They admitted and it was conclusively shown that they were up that night until a late hour and roaming about the city of Ashland in the vicinity of the oil station that was robbed. They and their witnesses attempted to account for their whereabouts up to a period in the night past the time of the commission of the crime for which they were tried, but in testifying to the particular hour many of the witnesses did so without the aid of a timepiece. They were unable to show any settled purpose or object they had in view, and it was not shown that either of them was engaged in any regular work. Indeed, but one of them (Haney) testified at the trial, and he stated that his home was in Uniontown, Pennsylvania, and that he and his codefendant, Crump, were brothers-in-law, having married sisters, but that they were each separated from their wives, and he was at the time in Ashland on a visit to the grandparents of Crump, who was temporarily sojourning there; that his visit began on November 1 previous to the robbery, and during all the time " he had not been doing anything much." From the foregoing brief outline of the testimony it is perfectly apparent that there is no room for the contention under this ground that the verdict is not sustained by the evidence or is flagrantly against it, and the contention can not be sustained.

2. The verdict was in these words: "We, the jury, agree and find the three defendants guilty and fix their punishment at one year in the penitentiary. Mrs. G. P. Gibbs, one of the jury." It is argued with great seriousness that the verdict is void for uncertainty, because it does not (a) name the defendants who were found guilty; (b), it does not name the offense of which it convicts them, and (c), that it does not designate which one of them shall serve the year's punishment affixed to the guilt. There may have been a time in an age of extreme technicality that such contentions were regarded as meritorious, but, if true, the courts in more modern times have long since discarded and put aside such unmeritorious

technicalities and have adopted the rule that "that is certain which can be made certain," and, if from the whole record it can be readily determined the exact meaning and scope of the verdict it will be enforced as valid. The general modern rule of practice is thus incorporated in the text of 27 R. C. L. 861: "Ordinarily a general verdict of guilty without specifying any particular offense is sufficient to sustain a conviction, as the law will support the verdict with every fair intentment, and, therefore, will by construction supply the words 'as charged in the indictment.' " On pages 863-864 it is stated, in substance, that the verdict will not be fatal because it failed to mention the name of the defendant, "although several defendants were included in the same indictment, if the record showed that only one of them was put on trial, or that only one defendant was served with process and he alone appeared and defended the action." Those general rules have been followed by this court in both civil and criminal actions, as will appear from the attached cases: Jackson v. Hill, 22 K. L. R. 563; Dine v. Donnelly, 134 Ky. 776; Gillum v. Commonwealth, 121 S. W. (not elsewhere reported) 445, and Harrod v. Armstrong, 177 Ky. 317. Here the defendants were charged with only one offense, that of grand larceny, and there was no testimony authorizing a conviction of any degree of it. So that, the verdict read in the light of the testimony and the indictment was as certain as it could have been made by the most explicit language employed in its formation. Moreover, it is the settled practice in both civil and criminal cases in this jurisdiction that before the question now under consideration may be taken advantage of by the defendant he must first object to the indefiniteness or uncertainty of the verdict in the trial court and ask it to require the jury to amend it so as to remove the objection. The Gillum case, *supra*, and also Williams v. Commonwealth, 140 Ky. 34; Hayes v. Commonwealth, 12 K. L. R. 611; McClees v. Commonwealth, 187 Ky. 533, and Baker v. Commonwealth, 204 Ky. 536. It is, therefore, clear that there is no merit in this ground.

3. The argument in support of this ground (3) is that the court did not define reasonable doubt and did not give the converse of instruction (1), which appropriately submitted the facts necessary to establish the guilt of defendants if the jury so believed beyond a reasonable doubt. However, it is perfectly apparent that the converse was given in the reasonable doubt instruction, and it has

never been held by this court that it was essential for the trial court to undertake to define by its instructions the meaning of reasonable doubt, and this ground must likewise be disallowed.

4. The only evidence, to which our attention is called in briefs, in support of this ground consists of a few questions propounded to the employe prosecuting witness by the court, who was no doubt laboring under the impression that it had not been proven that the money obtained, in the manner indicated, from the oiling station was the property of Weiss & Gray, or that it was so taken without the consent of the witness who was in charge of it. As a matter of fact the witness had testified on both those points, but the court had him to repeat that portion of his testimony, and in doing so he asked the witness questions requiring a direct answer of "yes" or "no;" as for instance he was asked by the judge: "Did you agree for them to take that money?" The witness answered: "No, sir." It is seriously insisted not only that the questions were leading and for that reason prejudicially erroneous, but that it was clearly prejudicial for the court to propound them. We, however, can not accept the argument even if appellants could rely on it in this court, but which they may not do because no objection was taken to it at the time of its introduction.

Another question which seems to be argued with some seriousness is based upon a conception on the part of the counsel who prepared the brief that the member of the jury who signed the verdict attached to her name the words "Foreman of the Jury," and the brief says: "The record in this case does not show that the jury even elected a foreman." For the same reason that no objection was made to the verdict at the time this point, if one, may also not be considered by us. But in the case of Thomas v. Commonwealth, 12 K. L. R. 903, it was held that a petit jury is not required to have a foreman, and that whether its members who signed the verdict designated himself as foreman or not made no difference. As a matter of fact, however, in this case, Mrs. Gibbs, the member of the jury who signed this verdict, followed the writing of her name by describing herself "one of the jury."

It is clear, therefore, that no prejudicial ground has been shown for interfering with the verdict, and the judgment is affirmed.