**George William CURRY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 30, 1966.

Matthew B. Quinn, Jr., Robert Haddad, Louisville, for appellant.

Robert Matthews, Atty. Gen., George Rabe, Asst. Atty. Gen., Frankfort, Edwin A. Schroering, Commonwealth Atty. for 30th Judicial Dist., Louisville, Carl Ousley, First Asst. Commonwealth Atty. for 30th Judicial Dist., Louisville, for appellee.

DAVIS, Commissioner.

This appeal is from the order denying appellant's RCr 11.42 motion to vacate sentence, and is a sequel to a prior appearance of this matter before this court. See Curry v. Commonwealth, Ky., 390 S.W.2d 891. Pursuant to the mandate of this court, the trial court appointed counsel for appellant and afforded him an evidentiary hearing on the motion. At the conclusion of the hearing the motion for relief was denied and this appeal seeks reversal of that order.

Although some rather nebulous evidence was presented touching the alleged inadequacy of court-appointed counsel at the original trial, it is apparent that appellant has substantially abandoned all of the claimed bases for relief except the one relating to the irregularity in the jury's verdict.

Appellant was indicted for dwelling-housebreaking, an offense denounced by KRS 433.180, in which punishment is authorized, upon conviction, of imprisonment for not less than two nor more than ten years. The same indictment charged appellant with two previous felony convictions, and constituted a presentment against him as a violator of the Habitual Criminal Act. KRS 431.190.

After the jury had heard the evidence in the original trial the case was submitted upon appropriate instructions. Instruction No. 1 related to the principal offense of dwelling-housebreaking, and properly defined the possible penalties. Instruction No. 2 presented the issue as to the Habitual Criminal Act and set out life imprisonment as within the penalty limit. The trial court provided the jury with a typewritten sheet containing three possible verdicts in this form:

"(1) We, the jury, find the defendant not guilty.

_____
Foreman

(2) We, the jury find the defendant guilty under Instruction No. 1, and fix his punishment at _____

_____
Foreman

(3) We, the jury, find the defendant guilty under Instruction No. 2, and fix his punishment at _____

_____
Foreman"

The jury returned into open court with its verdict executed as follows:

"(2) We, the jury find the defendant guilty under Instruction No. 1, and fix his punishment at life.

(s) William J. Kraemer,
_____
Foreman"

The jury was then discharged, and at least one member of the jury left the court house and returned to his place of employment. This juror was notified that the court desired that he return to court at once, and he did so. It was probably an hour or more after the original verdict was rendered before the jury was reassembled. When the jury came back, the court informed them that the verdict had been signed in the wrong place inasmuch as life imprisonment is not a possible punishment under Instruction No. 1. The jury was not re-sworn, but was directed to go back to its jury room, and if the verdict was still for imprisonment for life, the foreman was directed to sign the verdict pursuant to verdict No. 3 on the form. Thereupon the jury did retire and returned its verdict, signed by the same foreman, in the spaces provided by form verdict No. 3; the word "void" was written twice over the verdict as earlier signed on form verdict No. 2, and the signature of the foreman and the word "life" as contained in the original verdict were marked through, although the words remain legible upon the form itself.

The appellant testified that when the verdict was first brought in the trial judge expressed some surprise and told appellant

that he had gotten off with only "two years." The judge who heard the original case denied having made that statement; no other person recalls such a statement, and there is nothing in the form itself to suggest that "two years" was ever written there. Two members of the jury testified in the RCr 11.42 hearing, and stated that their verdict was for imprisonment for life, and that there had never been any other verdict agreed upon. The record is entirely silent as to any effort being made to tamper with or influence the members of the jury after they separated.

■ In 66 A.L.R. 541, it is written: "It is generally held that, even though the jury has been finally dismissed from the case, they may be reassembled to correct or amend their verdict when the defect is merely one of form, or is apparent on its face, or is of such nature that the court itself could have corrected it without the aid of the jury."

In support of that text, three decisions from this jurisdiction are cited: Taggart v. Com., 104 Ky. 301, 46 S.W. 674; Denham v. Com., 119 Ky. 508, 84 S.W. 538, and Ray v. Ray, 196 Ky. 579, 245 S.W. 287. The appellant calls attention to Crockett v. Com., 100 Ky. 389, 38 S.W. 676; Williams v. Com., 140 Ky. 34, 130 S.W. 807, and Meader v. Com., Ky., 363 S.W.2d 219, in which it was held that an incorrect verdict should be corrected before the jury is discharged, and it is not error to require the correction. We are not able to read from those opinions that this court has taken the position that an error of form may not be corrected if the jury has been discharged.

■ The Commonwealth takes the position that even the original verdict was valid, and cites Sebree v. Com., 260 Ky. 526, 86 S.W.2d 282; Crump v. Com., 215 Ky. 827, 287 S.W. 23; and Winburn v. Com., 181 Ky. 183, 203 S.W. 1073. In those cases there was no specific finding of the offense upon which the verdict was based, but the penalty fixed by the verdict necessarily had to be reflective of the offense for which the verdict was rendered. It is true in the present case that it was only under Instruction No. 2—the Habitual Criminal Act—that the jury could have imposed a life sentence. Thus, the inadvertent writing of the verdict as if found under Instruction No. 1 (carrying a maximum sentence of ten years) made the verdict obviously inconsistent. We are not persuaded that the three cases just cited are fully dispositive of the question at hand.

We have no difficulty holding that the defect in the original verdict was a defect of form only. We adhere to the rule, herein quoted, which recognizes the propriety of reassembling the jury to correct a mere error of form. In the complete absence of any showing or suggestion that the jury ever had any other intention than to fix the punishment at imprisonment for life, it becomes apparent that the irregularity in the verdict was a formal misprision. We think it would be an unrealistic policy to vitiate a trial and conviction upon such a technicality.

It may well be doubted that the alleged error before us is one cognizable under RCr 11.42 anyway, absent some showing of a denial of due process. Warner v. Com., Ky., 385 S.W.2d 62, 65. However, as we observed in the first opinion in the instant case, a different question would have been presented if a substantive showing had been made that the jury had at first fixed the penalty at two years' imprisonment and then changed it to life after separation.

The judgment is affirmed.