James H. CALLIS et al., Appellants,

v.

OWENSBORO–ASHLAND COMPANY, a Delaware Corporation, and Ashland Oil & Transportation Company, a Kentucky Corporation, Appellees.

Court of Appeals of Kentucky.

March 11, 1977.

Rehearing Denied May 6, 1977.

Discretionary Review Denied June 29, 1977.

William E. Rummage, Rummage, Kamuf & Yewell, Owensboro, for appellants.

William E. Gary, III, E. Robert Goebel, Sandidge, Holbrook & Craig, Owensboro, for appellees.

Before WINTERSHEIMER, MARTIN and WILHOIT, JJ.

WINTERSHEIMER, Judge.

James H. Callis and Nelda Callis, his wife, and others, filed their original complaint in the Daviess Circuit Court on December 13, 1973, seeking compensatory damages in the amount of $162,000.00 and $100,000.00 punitive damages against the Owensboro-Ashland Company and the Ashland Oil & Transportation Company, Defendants/Appellees. After a ten day jury trial, a verdict was returned against the Plaintiffs/Appellants. This appeal is from an order of trial and judgment dated October 11, 1974, in which the trial court adjudged that the complaint be dismissed and ordered the Appellants to pay all costs incurred by the parties in this action. A notice of appeal was filed on December 9, 1974. The Supreme Court transferred this case to the Court of Appeals on October 8, 1976. This Court affirms the judgment of the trial court.

The Appellants raised three issues on appeal:

1. Did the trial court commit reversible error in receiving a verdict in favor of the Appellants with an award for damages as "None"?

2. Did the trial court commit error after final discharge of the jury in recalling the jury to amend and change the verdict?

3. Did the trial court exceed its authority in suggesting the jury change its verdict after recalling it?

This Court determines the principal issue to be whether the trial court committed reversible error in accepting the jury verdict after its discharge and after the correction of the form verdict. It is the opinion of this Court that the error was one of form and not of substance.

After ten days of trial, this case was submitted to the jury with several form verdicts suggested. After deliberation the jury returned with its verdict written in the blank spaces provided in the first alternative verdict. The words "None" were written after each of the three possible items of damage. The verdict was signed by the foreman and nine other members of the panel. The verdict appeared as follows:

We the jury find for the Plaintiffs and award damages as follows:

A. For permanent damage: $ __NONE__

or

B. For temporary damage: · $ __NONE__

(YOU CANNOT AWARD DAMAGES FOR BOTH "A" AND "B")

C. For damage to growing crops: $ __NONE__

Polling of the jury was waived and no objection to the verdict was made by either party. The trial judge then discharged the jury but almost immediately recognized the obvious inconsistency in the form. The bailiff succeeded in locating all of the jurors in the Circuit Clerk's office and all twelve returned to the courtroom in the presence

of all parties and attorneys. The trial judge questioned the jury's foreman as to its intent and determined that the ten jurors signing the verdict intended a verdict for the defendants as to all items of damage. The trial judge then asked all ten jurors to sign the second alternative verdict if that was in fact their verdict, which they did in open court in the presence of all parties and their attorneys. No objection was made to this procedure. Counsel for the Plaintiffs/Appellants asked that the jury be polled. Each juror again affirmed the corrected verdict.

The real issue in this case is whether the trial court committed reversible error in recalling a jury to correct its verdict after it had been discharged.

█ A review of the record and the proceedings in this matter indicates that the error was one of form and not of substance. The trial court at every stage of the proceeding may disregard error or defect which does not affect the substantial rights of the parties. (CR 61.01)

█ In effect, the trial court's instructions were special interrogatories to the jury. The answers thereto prevail over an inconsistent general verdict and the trial court may direct the entry of a judgment in accordance with the special answers, notwithstanding the general verdict. (CR 49.-02)

█ The true test to be applied in reconciling apparent conflicts between the jury's answers is whether the answers may fairly be said to represent a logical and probable decision on the relevant issue as submitted. *Miller v. Royal Netherlands Steamship Company*, 508 F.2d 1103 (5th Cir. 1975). In this instance it is clear that the jury intended to find for the Defendants. An examination of the form verdict indicates that the jury was confused as to the language needed to award judgment to the Defendants.

█ It is clear that the Plaintiffs had their day in court. A competent jury decided the matter. To return this matter for a new trial would permit a possible distortion of the true jury verdict, and in effect give the Plaintiffs a second day in court after the matter had been fully litigated and finally decided. It is possible to speculate that the trial court might have followed a better practice in returning the jury to the jury room with specific instructions, but at least one Kentucky case, *Penker Construction Company v. Finley*, Ky., 485 S.W.2d 244 (1972) indicates that permitting the jurors to sign the verdict in open court is not objectionable.

The trial court in effect gave the Plaintiffs a directed verdict as to legal responsibility for the oil spills by instructing the jury to determine the nature and extent of the damage, if any, which resulted from the spills. In this regard, the jury found "None" for each of the three specific types of damage. The typed verdict form "We find for the Plaintiffs" was not an essential element of the issue the jury was required to decide. They had only to decide the nature and amount of the damage, if any. The test of inconsistency in a jury verdict is whether the verdict is sufficiently clear to show that the jury passed on the essential issues it was to determine. *Simmons v. Atteberry*, Ky., 310 S.W.2d 543 (1958)

█ In the instant case the inconsistency was one of form rather than substance and a jury may be returned to correct the form of its verdict at any time. *Curry v. Commonwealth*, Ky., 406 S.W.2d 733 (1966)

No objection was raised as to the form of the verdict prior to the final discharge of the jury.

The judgment of the trial court is affirmed.

All concur.