**Morris Edward WHITESIDE, Petitioner-Appellant,**

v.

**Al C. PARKE, Warden; Attorney General of Kentucky, Respondents-Appellees.**

No. 82–5056.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 25, 1982.

Decided May 3, 1983.

Frank W. Heft, Jr. (argued), Jefferson Dist. Public Defender, Louisville, Ky., for petitioner-appellant.

Steven L. Beshear, Atty. Gen. of Kentucky, Gerald Henry, Asst. Atty. Gen., Frankfort, Ky. (argued), for respondents-appellees.

Before MARTIN and WELLFORD, Circuit Judges, and PRATT,* District Judge.

WELLFORD, Circuit Judge.

Petitioner in this cause appeals from the district court judgment denying his petition for a writ of habeas corpus. He was convicted in a Kentucky state court of first degree robbery and of being a first degree persistent felony offender. His conviction was affirmed by the Kentucky Supreme Court and certiorari was denied by the United States Supreme Court.

Petitioner thereafter filed a petition for habeas corpus in the United States District Court for the Western District of Kentucky, which petition was denied. Petitioner now appeals the denial of the writ.

At petitioner's trial in state court, counsel for petitioner tendered to the court a proposed jury instruction defining "reasonable doubt." In essence, it proposed to define reasonable doubt as the kind of doubt that would make a reasonable person hesitate to act-in the most important of his own affairs. The trial judge rejected this instruction, pursuant to recently enacted Rule 9.56 of the Kentucky Rules of Criminal Procedure (R.Cr. 9.56), which prohibits jury instructions from including an attempted definition of "reasonable doubt." In addition, the trial judge rejected petitioner's proffered instructions regarding the presumption of innocence and the lack of evidentiary value of the indictment. Instead, the trial court gave the following instruction, required under Kentucky R.Cr. 9.56:

> The law presumes a defendant to be innocent of a crime and the indictment shall not be considered as evidence or as having any weight against him. You shall find the defendant not guilty unless you are satisfied, from the evidence alone, and beyond a reasonable doubt, that he is guilty. If, upon the whole case, you have a reasonable doubt that he is guilty, you should find him not guilty.

After retiring to deliberate, the jury returned to open court and requested "a reiteration of what reasonable doubt constitutes." The trial court stated to the jury

* The Honorable Philip Pratt, United States District Judge for the Eastern District of Michigan, sitting by designation.

that, pursuant to Kentucky R.Cr. 9.56, the court could not provide further definition of the term "reasonable doubt." Shortly thereafter, the jury returned a verdict against the defendant.

Petitioner in this cause asserts that the failure of the trial judge to instruct the jury on the definition of "reasonable doubt," in the face of a jury request to do so, violates petitioner's constitutional rights under the Sixth Amendment and the due process clause of the Fourteenth Amendment. He also contends that, in light of the trial court's refusal to define "reasonable doubt" for the jury, the instruction given on the presumption of innocence and the lack of evidentiary value of the indictment was inadequate under the due process clause of the Fourteenth Amendment.

In his argument on the first issue, petitioner relies heavily on *Taylor v. Kentucky,* 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978). In *Taylor,* the Court recognized the logical relationship between the presumption of innocence and the principle that the prosecution must prove guilt beyond a reasonable doubt. *Taylor,* 436 U.S. at 483, 98 S.Ct. at 1933. In that case, the Court observed that an instruction on the presumption of innocence was one means of protecting a defendant's constitutional right under the due process clause of the Fourteenth Amendment to be judged solely on the evidence presented at trial. *Id.* at 486, 98 S.Ct. at 1935. In the face of an instruction defining reasonable doubt described as "Spartan" and "confusing," the Court held that the trial court's refusal to honor the petitioner's request to instruct the jury on the presumption of innocence was a violation of petitioner's rights under the due process clause. *Id.* at 490, 98 S.Ct. at 1937.

It should be noted, however, that jury instructions on the presumption of innocence have not had the troublesome history that instructions attempting to define reasonable doubt have had. The Supreme Court has stated that "[a]ttempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury." *Holland v. United States,* 348 U.S. 121, 140, 75 S.Ct. 127, 139, 99 L.Ed. 150 (1954), quoting *Miles v. United States,* 103 U.S. 304, 312, 26 L.Ed. 481 (1880).[1] Consequently, some courts have held that a trial court is not required to define reasonable doubt. *See United States v. Witt,* 648 F.2d 608, 610–11 (9th Cir.1981); *State v. Larkin,* 209 Kan. 660, 498 P.2d 37, 39 (1972); *State v. Taylor,* 486 S.W.2d 239 (Mo.1972). Indeed, some courts expressly advise trial judges *not* to attempt to define reasonable doubt because of the difficulties in doing so and because they deem the term largely self-explanatory. *See United States v. Martin-Trigona,* 684 F.2d 485, 493 (7th Cir. 1982); *People v. Robinson,* 21 Ill.App.3d 343, 315 N.E.2d 95, 100 (1974).[2] Kentucky courts have long followed the rule that the failure to define reasonable doubt is not error, and Kentucky R.Cr. 9.56 appears to be a codification of that view. *See Swopshire v. Commonwealth,* 246 Ky. 593, 55 S.W.2d 356, 358 (1932), citing *Crump v. Commonwealth,* 215 Ky. 827, 287 S.W. 23 (1926).

The proper approach for evaluating whether the failure to define reasonable doubt was a constitutional violation in this case appears to be an approach similar to that set forth by the Supreme Court in *Kentucky v. Whorton,* 441 U.S. 786, 789, 99 S.Ct. 2088, 2089, 60 L.Ed.2d 640 (1979), interpreting *Taylor v. Kentucky, supra.* In *Whorton,* the Kentucky court had deter-

1. *See United States v. Pinkney,* 551 F.2d 1241, 1244 (D.C.Cir.1976), in which the court describes the difficulties in defining reasonable doubt, and states that such attempts "more often than not tend to confuse or mislead." *See also United States v. Del Toro Soto,* 676 F.2d 13, 17 (1st Cir.1982).

2. *See, contra, United States v. Pepe,* 501 F.2d 1142, 1143–44 (10th Cir.1974), in which the court stated in dictum that it believed that a defendant was entitled to have the meaning of reasonable doubt explained to the jury. The court, however, acknowledged that the Supreme Court has noted the difficulties of defining reasonable doubt and expressed doubts about the benefit of attempting a definition more elaborate than the term itself, citing *Miles v. United States,* 103 U.S. 304, 26 L.Ed. 481 (1880).

·mined that the trial court's failure to give an instruction on the presumption of innocence was a violation of the defendant's constitutional rights, because *Taylor v. Kentucky* required such an instruction. The Supreme Court found that the Kentucky court had erroneously interpreted *Taylor:*

> ·In short, the failure to give a requested instruction on the presumption of innocence does not in and of itself violate the Constitution. Under *Taylor,* such a failure must be evaluated in light of the totality of the circumstances—including all the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other relevant factors—to determine whether the defendant received a constitutionally fair trial.

441 U.S. at 789, 99 S.Ct. at 2089. The Court therefore remanded the case to the Kentucky court for a determination of whether the failure to give such an instruction deprived the defendant of due process in light of the totality of the circumstances.[3] 441 U.S. at 790, 99 S.Ct. at 2090.

■ The "totality of the circumstances" test was applied by this court in *Payne v. Smith,* 667 F.2d 541 (6th Cir.1981). In *Payne,* the appellant had been convicted of armed robbery; he had been positively identified by more than one witness. He contended that his rights under the due process clause had been violated because the trial court failed to instruct the jury on the presumption of innocence and because of the definition of reasonable doubt given to the jury. The court found no constitutional violation, based on the totality of the circumstances, noting specifically the overwhelming weight of the evidence against the appellant in that case. 667 F.2d at 547.[4] Thus, it appears that it would be appropriate to apply the "totality of the circumstances" test to determine whether a failure to define reasonable doubt in this case violates the due process clause.[5]

■ In the case at bar, the totality of the circumstances indicates that petitioner Whiteside received a constitutionally adequate trial. The district court found that there was undisputed evidence that he was found shortly after the robbery in question in possession of the money and food stamps which had been taken, as well as a stocking mask used in the robbery. In addition, there was an eyewitness identification of petitioner as the person seen removing a stocking mask as he emerged from the store where the robbery had occurred. The instructions given to the jury included instructions that petitioner was presumed innocent under the law, that the indictment was not to be considered as having any

---

3. In *Krzeminski v. Perini,* 614 F.2d 121, 125 (6th Cir.1980), this court stated in dictum that the totality of the circumstances test in *Kentucky v. Whorton* is used to determine whether "admitted error" was egregious enough to reach constitutional proportions in the first place. We do not hold that the failure to define reasonable doubt was error; we merely examine whether, even if it were error, it violated appellant's due process rights.

Federal cases cited by appellant in support of his position decided long before *Kentucky v. Whorton, supra,* we find unpersuasive. *See Blatt v. United States,* 60 F.2d 481 (3d Cir. 1932); *Friedman v. United States,* 381 F.2d 155, 160 (8th Cir.1967), citing *Nanfito v. United States,* 20 F.2d 376 (8th Cir.1927); *Williams v. United States,* 271 F.2d 703 (4th Cir.1959) (dictum).

4. *See also Cook v. Bordenkircher,* 602 F.2d 117 (6th Cir.), *cert. denied,* 444 U.S. 936, 100 S.Ct. ·286, 62 L.Ed.2d 196 (1979) ("severe" prosecuto-

rial misconduct not sufficient to justify habeas writ where proof of guilt was overwhelming).

5. Appellant cites several cases that in fact appear to use an approach similar to the "totality of the circumstances" test. They hold that the cumulative effect of more than one factor, such as failure to advise the jury that the prosecution must prove beyond a reasonable doubt every element of the crime, and *including* the failure to define reasonable doubt, deprived the appellant of a fair trial. *See People v. Giamanco,* 413 N.Y.S.2d 746, 747 (1979); *State v. McHenry,* 88 Wash.2d 211, 558 P.2d 188, 190 (1977). Several other cases cited by appellant, *Payne v. State,* 233 Ga. 294, 210 S.E.2d 775, 787 (Ga.1974), and *State v. Staley,* 37 N.C.App. 18, 245 S.E.2d 110, 112 (N.C.App.1978), hold reasonable doubt to be a self-explanatory term for which no definition need be given in absence of request; therefore, no constitutional error not to define.

weight against him, and that he was to be found not guilty if the jury had a reasonable doubt that he was guilty. Under these circumstances, we find that the jury was given a constitutionally adequate instruction. We reject, therefore, petitioner's challenges regarding the failure to define reasonable doubt and the purported insufficiency of the instructions on the presumption of innocence and the lack of evidentiary value of the indictment.

Accordingly, the judgment of the district court denying the petition for a writ of habeas corpus is AFFIRMED.