782 F.2d 1043
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM M. PRESLEY, Petitioner-Appellant,
v.
JOHN REES, WARDEN, AND ATTORNEY GENERAL OF KENTUCKY,
Respondents-Appellees.
 85-5569
 United States Court of Appeals, Sixth Circuit.
 12/5/85
 
 ORDER
 BEFORE: KENNEDY and KRUPANSKY, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 
 1
 This Kentucky prisoner moves the Court to appoint William M. Radigan as counsel in his appeal from a district court judgment adopting the Magistrate's report and recommendation to dismiss petitioner's habeas petition filed under 28 U.S.C. Sec. 2254.
 
 
 2
 Petitioner was convicted by a jury in 1980 of first degree rape and he received a twenty year sentence. After exhausting his state court remedies, the petitioner filed the instant habeas petition claiming that he was denied due process when the state trial court refused to give his requested alibi instruction to the jury. Petitioner explained that he presented seven witnesses who testified that he was at another location at the time of the crime. He argues that failure to give his requested alibi instruction deprived him of his presumption of innocence and of his right to have the government prove its case beyond a reasonable doubt.
 
 
 3
 Upon review of the cause in light of the arguments made by the parties in the district court and in their respective appellate briefs, this Court concludes that the district court properly dismissed petitioner's habeas petition for the reasons stated by it. Despite this conclusion, the Court believes that it is in the interests of justice to have William M. Radigan be officially appointed to represent the petitioner on appeal as he has already prepared and filed a well-drafted brief in the petitioner's behalf. 18 U.S.C. Sec. 3006A(g).
 
 
 4
 The question to be asked on habeas corpus review of state court jury instructions is not whether 'the instruction is undesirable, erroneous, or even 'universally condemned," Henderson v. Kibbe, 431 U.S. 145, 154 (1977), but is rather, under the totality of the circumstances, whether the given instruction was so defective that it infected the entire trial and rendered the resulting conviction in violation of due process. Henderson v. Kibbe, 431 U.S. at 154; Brofford v. Marshall, 751 F.2d 845, 856-57 (6th Cir. 1985); Whiteside v. Parke, 705 F.2d 869, 872 (6th Cir.), cert. denied, 464 U.S. 843 (1983); Thomas v. Arn, 704 F.2d 865, 868-69 (6th Cir. 1983). While it is true that many federal courts are required to give the requested alibi instructions when the evidence so warrants, see United States v. Hamilton, 684 F.2d 380, 385 (6th Cir.), cert. denied, 459 U.S. 976 (1982), and cases cited therein, federal courts must also defer to state trial court rulings respecting jury instructions under review in habeas corpus cases unless the instructions are so erroneous that they denied the petitioner a fair trial.
 
 
 5
 Taken as a whole, it is clear that the instructions under review in this case did not erroneously state the law or otherwise render petitioner's trial unfair. The trial court instructed the jury that it was to find petitioner guilty only if it believed beyond a reasonable doubt that petitioner engaged in sexual intercourse with Annie Wright and that he did so by forcible compulsion. The court instructed the jury on definitions of sexual intercourse and forcible compulsion. It instructed the jury that the law presumes the defendant innocent of the crime and again that it shall find the petitioner not guilty unless it is satisfied beyond a reasonable doubt that the petitioner is guilty. Once again, in conclusion, the court directed the jury that if upon consideration of the whole case, it has a reasonable doubt that the petitioner is guilty, then the jury shall find petitioner not guilty. Finally, the court told the jury that the verdict must be unanimous.
 
 
 6
 With the petitioner having presented seven witnesses to support his alibi defense, it is apparent that the jury, although properly instructed to permit them to do so, did not have a reasonable doubt as to petitioner's guilt. They jury chose instead to believe beyond a reasonable doubt that petitioner committed the crime as was sufficiently supported by the lab tests showing similarities in petitioner's hair and public hair to that hair found on the victim and as established by the victim's own testimony including her positive identification of the petitioner both before and at trial. Under all the circumstances, therefore, it is concluded that the petitioner was not denied due process by the trial court's failure to give his requested alibi instructions to the jury. See Alicea v. Gagnon, 675 F.2d 913 (7th Cir. 1982); United States ex rel. Waters v. Bensinger, 507 F.2d 103 (7th Cir. 1974). Cf. Manning v. Rose, 507 F.2d 889, 895 (6th Cir. 1974).
 
 
 7
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. Petitioner's motion to have William M. Radigan be appointed his counsel on appeal is granted; and, the district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.