878 F.2d 381
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph Edward BLANDFORD, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden; Attorney General of Kentucky,
Respondents-Appellees.
 No. 89-5127.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1989.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Joseph Edward Blandford moves for counsel on appeal from the district court's order denying his petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In Nelson Circuit Court, Bardstown, Kentucky, a jury convicted Blandford of two counts of first degree rape and one count of second degree burglary. He received sentences totaling fifty years imprisonment. The Kentucky Supreme Court affirmed the convictions.
 
 
 3
 The first issue in Blandford's petition raised a search and seizure claim. Where the state provided an opportunity for a full and fair litigation of a fourth amendment claim, the state prisoner cannot receive federal habeas corpus relief on this issue. Stone v. Powell, 428 U.S. 465, 494 (1976). Because Blandford did receive full and fair consideration of this claim, it is barred by the holding in Stone.
 
 
 4
 Blandford then raised three issues concerning a recess of trial, the denial of a view of the scene of the crime, and the trial court's method of excusing jurors. All of these issues are matters of state law. Errors in the application of state law are not cognizable in federal habeas corpus proceedings unless the error rises to the level of a violation of fundamental fairness. Matlock v. Rose, 731 F.2d 1236, 1242 (6th Cir.1984), cert. denied, 470 U.S. 1050 (1985). None of the alleged errors here rise to the level of a violation of fundamental fairness.
 
 
 5
 Blandford claimed that the selection of jurors from the pool of registered voters violated his sixth amendment rights to a proper jury. The general rule is that jury selection procedures must not exclude distinctive groups in the community. Duren v. Missouri, 439 U.S. 357, 363-64 (1979). However, we agree with the district court that the group of non-voters is not a distinctive group, and their exclusion is not a sixth amendment violation. See Ford v. Seabold, 841 F.2d 677, 681 (6th Cir.), cert. denied, 109 S.Ct. 315 (1988).
 
 
 6
 Blandford claimed that the harshness of his sentence constituted a violation of his right to be free from cruel and unusual punishment. We have considered the facts of this case under the appropriate criteria contained in Solem v. Helm, 463 U.S. 277, 290-92 (1983), and we conclude that Blandford's sentence is not grossly disproportionate to the severity of his crime.
 
 
 7
 Finally, Blandford argued that the trial court should have allowed defense counsel to define reasonable doubt for the jury during voir dire. Kentucky law forbids the trial court from defining reasonable doubt. Ky.R.Crim.P. 9.56(2). This court looks at the totality of the circumstances to determine if the failure to define reasonable doubt violates the due process clause. Whiteside v. Parke, 705 F.2d 869, 872 (6th Cir.), cert. denied, 464 U.S. 843 (1983). Upon examination of the totality of the circumstances in this case, we conclude that the trial court's failure to allow definition of the term reasonable doubt at voir dire was not a due process violation.
 
 
 8
 The motion for counsel is denied. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.