STATE OF NORTH CAROLINA v. BENNY STALEY

No. 7723SC1056

(Filed 20 June 1978)

1. **Criminal Law § 112.2— reasonable doubt—instructions proper**

    The trial court's definition of reasonable doubt as "a substantial doubt," "not a vain, imaginary, or fanciful or mere possible doubt," and not "a doubt born of a merciful inclination" was substantially in accord with definitions approved by the Supreme Court and did not constitute error.

2. **Criminal Law § 118— contentions of the parties—jury instructions proper**

    In instructing on the contentions of the parties, the trial court did not err in stating that "it is your duty to consider all legitimate contentions made by them and any other contentions that arise in your own respective minds," since the court was not required to set forth in its charge all the contentions of the parties.

3. **Criminal Law § 119— failure to give requested instruction—defendant not prejudiced**

    Failure of the trial court to give defendant's requested instruction with regard to alibi evidence was not prejudicial to defendant, since the charge given afforded defendant the same benefits as would have resulted from the requested charge; moreover, defendant failed to show that, had the requested instruction been given, a different result would have likely ensued.

APPEAL by defendant from *Kivett, Judge.* Judgments entered 11 August 1977 in Superior Court, WILKES County. Heard in the Court of Appeals 25 April 1978.

The defendant was indicted by separate bills for felonious larceny, safecracking and felonious breaking and entering. Upon his pleas of not guilty, the jury returned verdicts of guilty as charged in the bill of indictment in each case. The trial court entered judgments sentencing the defendant to imprisonment for a term of twelve years for safecracking, a term of ten years for felonious breaking and entering to run concurrently with the sentence for safecracking and a term of two years for felonious larceny to commence at the expiration of the sentence for breaking and entering but to run concurrent with the sentence for safecracking. From these judgments, the defendant appealed.

The State offered evidence tending to show that late on the evening of 26 July 1974 or very early the following morning, the defendant, Benny Staley, and others broke into a restaurant in North Wilkesboro, North Carolina. They removed a safe containing in excess of $5,000 in United States currency from the restaurant, placed it in the defendant's automobile and removed it to a more remote area outside North Wilkesboro. The State's evidence, presented through the testimony of other alleged participants in the crimes, tended to indicate the alleged criminal acts by the defendant and the others took place during a period beginning prior to 1:00 a.m. on 27 July 1974 and ending sometime after 2:00 a.m. on that date. Two of the State's witnesses, however, indicated they had seen the defendant in his automobile with another man at a car wash in North Wilkesboro at some time between 1:00 a.m. and 2:00 a.m. on the morning of 27 July 1974.

The defendant offered evidence tending to show that his automobile was locked in a fenced garage yard at all times in question. He also offered evidence of his good character.

*Attorney General Edmisten, by Assistant Attorney General James Wallace, Jr., for the State.*

*Franklin Smith and McElwee, Hall & McElwee, by John E. Hall, for defendant appellant.*

MITCHELL, Judge.

[1] The defendant first assigns as error that portion of the trial court's charge to the jury defining and explaining the term

"reasonable doubt." In defining and explaining the term "reasonable doubt," the trial court stated:

> When I speak of a reasonable doubt, I mean a substantial doubt as opposed to some flimsy doubt, a doubt based on reason and common sense arising out of some or all of the evidence that has been presented or lack of evidence as the case may be. It is not a vain, imaginary, or fanciful or mere possible doubt, because everything relating to human affairs is open to some possible or imaginary doubt, nor is it a doubt suggested by the ingenuity of counsel, or by your ingenuity not legitimately warranted by the evidence, nor is it a doubt born of a merciful inclination or disposition to permit the defendant to escape the penalty of the law or one prompted by sympathy for him or anyone connected with him. If, after weighing and considering all of the evidence, you are fully satisfied and entirely convinced of the defendant's guilt, then you would be satisfied beyond a reasonable doubt. On the other hand, if you do have any doubt based on reason and common sense, arising from the evidence in the case, or lack of evidence as to any facts necessary to constitute guilt and cannot say that you have an abiding faith to a moral certainty in the defendant's guilt, then you would indeed have a reasonable doubt, and it would be your duty to give the defendant the benefit of that doubt and to find him not guilty.

Unless specifically requested, a trial court is not required to define the term "reasonable doubt." However, when the trial court undertakes to define the term, the definition should be substantially in accord with the definitions approved by the Supreme Court of North Carolina. *State v. Maybery*, 283 N.C. 254, 195 S.E. 2d 304 (1973). We find the trial court's definition of reasonable doubt was substantially in accord with definitions approved by the Supreme Court and did not constitute error. *State v. Ward*, 286 N.C. 304, 210 S.E. 2d 407 (1974), *modified as to death penalty*, 428 U.S. 903, 49 L.Ed. 2d 1207, 96 S.Ct. 3206 (1976) (doubt born of merciful inclination and doubt created by ingenuity of jurors); *State v. Hammonds*, 241 N.C. 226, 85 S.E. 2d 133 (1954) (vain, imaginary, or fanciful doubt); *State v. Steele*, 190 N.C. 506, 130 S.E. 308 (1925) (doubt suggested by ingenuity of counsel or jurors or born of merciful inclination or disposition to permit

defendant to escape penalty). This assignment of error is over-ruled.

[2] The defendant next assigns as error the trial court's state-ment with regard to the contentions of the parties that "it is your duty to consider all legitimate contentions made by them and any other contentions that arise in your own respective minds." The defendant contends this portion of the charge required the jury to go outside the evidence and engage in a voyage of speculation and conjecture with reference to the evidence and contentions of the parties. We do not agree.

The trial court is not required to set forth in its charge all of the contentions of the parties. Its only duty in this regard is to state the contentions as fairly for one side as for the other. *State v. Litteral*, 227 N.C. 527, 43 S.E. 2d 84, *cert. denied sub nom., Bell v. North Carolina*, 332 U.S. 764, 92 L.Ed. 349, 68 S.Ct. 69 (1947). Contentions arise upon the evidence and the reasonable in-ferences to be drawn therefrom. *State v. Powell*, 254 N.C. 231, 118 S.E. 2d 617 (1961). We think it would work an intolerable burden upon trial courts to require that they attempt to state in their charges all legitimate inferences which could be drawn from evidence presented and contentions which could arise therefrom. To attempt to impose any such burden upon our trial courts would constantly place them in unnecessary danger of committing error by invading the province of the jury and expressing an opinion upon the evidence. No such holding is necessary, and this assignment of error is overruled.

[3] Finally, the defendant assigns as error the failure of the trial court to instruct the jury as to the legal principles applicable in its consideration of evidence introduced tending to be in the nature of alibi evidence. Where, as here, a defendant in apt time specifically requests an instruction on alibi evidence which has been introduced, he is entitled to such instruction. *State v. Hunt*, 283 N.C. 617, 197 S.E. 2d 513, 72 A.L.R. 3d 537 (1973). A reading of the entire charge of the trial court to the jury in the case *sub judice*, clearly indicates, however, that the failure to charge with regard to alibi evidence was not prejudicial to the defendant. The trial court on more than one occasion made it quite clear that the burden was on the State to prove all essential elements of the crime charged and that the defendant did not have to prove

anything in order to be found not guilty. Although the requested alibi charge was not given, the charge afforded the defendant the same benefits as would have resulted from the requested charge. *State v. Shore*, 285 N.C. 328, 204 S.E. 2d 682 (1974). In order to be awarded a new trial on appeal, the defendant must show positive and tangible error which was prejudicial to him and not merely theoretical. This defendant has failed to make any such showing.

It is additionally required that a defendant show that, absent the error of which he complains, a different result would have likely ensued. *State v. Shore*, 285 N.C. 328, 204 S.E. 2d 682 (1974). Here, the overwhelming evidence, offered by the State and composed in large part of eyewitness testimony against the defendant by individuals participating in the crime, clearly indicates that the result would not have been different had the court given the requested charge. Such technical errors which could not have affected the result will not be found prejudicial. *State v. McWilliams*, 277 N.C. 680, 178 S.E. 2d 476 (1971). The assignment of error is overruled.

The defendant received a fair trial free from prejudicial error, and we find

No error.

Chief Judge BROCK and Judge HEDRICK concur.