## CALVIN LANSDOWNE *v.* STATE OF MARYLAND

[No. 62, September Term, 1979.]

*Decided February 29, 1980.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, ORTH, COLE and DAVIDSON, JJ.

*Martha Weisheit, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Bonnie A. Travieso, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

DAVIDSON, J., delivered the opinion of the Court.

This case presents two questions. The first question is whether, under Maryland Rules 757 (b) and 757 (d), a trial judge, in a criminal case, must, if requested by the accused, include an explanation of the term "reasonable doubt" in instructions to the jury. The second question is whether a trial judge who has explained the term "reasonable doubt" in preliminary remarks to the jury made at the beginning of a trial, commits reversible error by refusing the accused's request to explain that term again after the close of the evidence.

Maryland Rule 757 (b) provides in pertinent part:

"The court may, and at the request of any party *shall,* give those advisory instructions to the jury as correctly state the applicable law. ... The court need not grant any requested instruction if the matter is fairly covered by the instructions actually given." (Emphasis added.)

Maryland Rule 757 (d) provides in pertinent part:

"The court may give its instructions at any time after the close of the evidence."

The appellant, Calvin Lansdowne (accused), was charged under indictment #20393 with statutory daytime housebreaking and receiving stolen goods under $100, and under indictment #20394 with statutory daytime housebreaking, receiving stolen goods under $100, and receiving stolen goods over $100. At the beginning of a jury trial held in the Circuit Court for Montgomery County, before opening statements and before any evidence was presented, the trial judge made extensive preliminary

remarks to the jury, including, in pertinent part, the following:

> "As you know, this is a criminal case. In such cases the law presumes every man innocent of crime, and this presumption starts with the accusation and continues to the rendition of your verdict. Because of this presumption, the law casts the burden of proof upon the State of Maryland to prove beyond a reasonable doubt every fact material to the guilt of the Defendant.
>
> "Proof beyond a reasonable doubt means such proof as produces an abiding conviction to a moral certainty of the truth of the charge, and unless the jury are thus convinced, they must acquit. However, this does not mean the State is required to prove its case to an absolute or mathematical certainty, for there are few things in life susceptible of such proof.
>
> "Proof beyond a reasonable doubt is simply such proof as convinces you of the truth of a fact to the extent that you would be willing to act upon such conviction without hesitation in an important matter in your own private business affairs."

After the trial judge's preliminary remarks were concluded, the State presented circumstantial evidence to show that the alleged crimes had been committed, and that the accused was the person who had committed them. The accused did not himself testify and did not present any other evidence. Approximately six hours later, after the close of the evidence, the trial judge instructed the jury, in pertinent part, as follows:

> "Please keep in mind the preliminary instructions that I gave you earlier today. I am not going to repeat them.
>
> . . .
>
> "It is the burden of the State, as I told you earlier, to prove beyond a reasonable doubt each and every element of the offenses which have been charged."

Thereafter, the following colloquy took place at the bench:

"MR. BERNSTEIN [Defense Counsel]: [I] would ask the Court to specifically give an instruction with respect to the burden of proof beyond a reasonable doubt as the Court did, I realize, at the beginning of the trial, but I would ask the Court to give it now as a part of these instructions to the jury at this time.

. . .

"MR. SAVAGE [State's Attorney]: I think the Court has covered it initially in its preliminary instructions. I think the Court has in its preliminary instructions indicated that the burden of proving each one of the elements of the various counts in the indictment — I think the Court has gone over it sufficiently to this point, but I will again leave that to the discretion of the Court.

. . .

"THE COURT: All right, I am going to advise the jury that it has been brought to my attention that I have not specifically refreshed their recollection about my earlier instruction on the burden of proof and that I will call their attention to what I told them this morning."

The trial judge then addressed the following remarks to the jury:

"THE COURT: Ladies and gentlemen, it has been properly called to my attention that in reviewing what I had given you by way of previous instructions that I had not called your attention specifically to what I told you this morning about the burden of proof, that it is on the State, and that *you recall that I told you that they must establish beyond a reasonable doubt each and every element of the offense and that I described that burden of proof and how you can conclude whether or not you have evidence beyond a reasonable doubt, and I do*

*ask you to recall what I told you this morning and keep that in mind.* That is the burden that must be met." (Emphasis added.)

At a further bench conference, the following discussion took place:

"MR. BERNSTEIN: I want to ask, Your Honor, that you give more than that. I mean, tell them what that — that was six hours ago.

"THE COURT: Well, counsel, you are both going to tell them what it *is* now. You are going to quote me, and I am going to let it go at that.

"MR. BERNSTEIN: Okay, I would like to note an exception."

The accused was found guilty of statutory daytime housebreaking and receiving stolen goods under $100, and was sentenced to consecutive terms of four years and one year respectively. He appealed to the Court of Special Appeals. In an unreported opinion, *Lansdowne v. State,* No. 627, September Term, 1978, filed 8 May 1979, that Court determined that a trial judge, even when requested by the accused, was not required to give an explanation of the term "reasonable doubt." It held that whether to give that explanation was a matter within the trial judge's discretion and that in the instant case the trial judge had not abused his discretion. Consequently, it affirmed the convictions. The appellant sought and was granted a writ of certiorari by this Court. We shall reverse.

The initial question to be considered is whether a trial judge is required to give a requested instruction which correctly states the applicable law, and which has not been fairly covered in instructions actually given. Maryland Constitution, Art. IV, § 18 authorized this Court to prescribe rules governing pleadings and other proceedings in equity. Chapter 684 of the 1927 Laws of Maryland, effective 1 June 1927, authorized this Court to prescribe general rules of practice and procedure governing actions at law. Chapter 719 of the 1939 Laws of Maryland, effective 1

June 1939, authorized this Court to prescribe such rules governing all civil actions, whether at law or in equity. That Act specifically provided that any such rules should not "apply to practice and procedure in criminal cases." Under these circumstances, this Court consistently held that in a criminal trial, whether to give a requested instruction, which correctly stated the applicable law and which had not actually been given, was a matter within the trial judge's discretion. *Slansky v. State,* 192 Md. 94, 107-08, 63 A.2d 599, 604-05 (1949); *Esterline v. State,* 105 Md. 629, 636, 66 A. 269, 272 (1907); *Broll v. State,* 45 Md. 356, 360 (1876).

Maryland Constitution, Art. IV, § 18A,[1] ratified 7 November 1944, authorized this Court to prescribe rules of practice and procedure governing criminal cases. *State v. Haas,* 188 Md. 63, 69, 51 A.2d 647, 650 (1947). Part IV of the General Rules of Practice and Procedure, § I, Criminal Rules of Practice and Procedure, became effective 1 January 1950. *See* Fifth Report of the Standing Committee on Rules of Practice and Procedure of the Court of Appeals of Maryland. Maryland Rule 6, the predecessor of Md. Rule 757 (b),[2] provided in pertinent part:

> "The Court may and *at the request of any party shall grant such advisory instructions* to the jury as may correctly state the applicable law."[3] (Emphasis added.)

Thereafter, this Court and the Court of Special Appeals, in a series of cases, consistently held that the word "shall,"

---

**1.** Now Md. Const., Art. IV, § 18 (a).

**2.** The language of Md. Rule 757 (b) is substantially the same as that of its predecessors, Md. Rule 756 (b), effective 1 January 1962, [Md. Code (1957, 1963 Repl. Vol.)]; Md. Rule 739 (b), effective 1 January 1957, [Md. Code (1957)]; and G.R.P.P., pt. IV, § I, 6 (c), effective 1 January 1950, [Md. Code (1939, 1951 Cum. Supp.)].

**3.** Apparently, only five other jurisdictions have rules of criminal procedure which expressly state that the trial judge shall give appropriate instructions when requested. Code of Alabama (1975 ed.) Vol. 23, Rules of Alabama Supreme Court, Rule 51: California Penal Code (1976) § 1127; Georgia Code Annotated, § 70-207; Louisiana Code of Criminal Procedure, Art. 807 (1975); West Virginia Code, § 56-6-19 (1966). *E.g.,* Jackson v. State, 264 Ala. 528, 530-31, 88 So. 2d 206, 207 (1956); People v. Vasquez, 29 Cal. App. 3d 81, 86, 105 Cal. Rptr. 181, 184 (1972); State v. Andrews, 369 So. 2d 1049, 1053-54 (La. 1979); State v. Green, 206 S.E.2d 923, 926 (W. Va. 1974).

expressly employed in Rule 757 (b), made that rule mandatory. *E.g., Blackwell v. State,* 278 Md. 466, 477, 365 A.2d 545, 551, *cert. denied,* 431 U.S. 918, 97 S. Ct. 2183 (1976); *Christensen v. State,* 274 Md. 133, 136-41, 333 A.2d 45, 47-49 (1975); *Giles v. State,* 229 Md. 370, 385, 183 A.2d 359, 366 (1962); *Hardison v. State,* 226 Md. 53, 60-62, 172 A.2d 407, 411 (1961); *Brown v. State,* 222 Md. 290, 296-97, 159 A.2d 844, 847 (1960); *Bruce v. State,* 218 Md. 87, 97, 145 A.2d 428, 433 (1958). *See In re James S.,* 286 Md. 702, 708, 410 A.2d 586, 589 (1980): *State v. Hicks,* 285 Md. 310, 334, 403 A.2d 356, 368 (1979). These cases established that under Md. Rule 757 (b) a trial judge is required to give a requested instruction which correctly states the applicable law and which has not been fairly covered in instructions actually given, and that the failure to give such an instruction constitutes error.

Here, the accused requested an instruction explaining "reasonable doubt." In order to decide whether the trial judge was required to give such an instruction, we must determine whether it was applicable, correct, and not fairly covered by instructions actually given.

The reasonable doubt standard plays a vital role in the American scheme of criminal procedure. The requirement that the prosecution prove guilt beyond a reasonable doubt is constitutionally mandated by the Due Process Clause of the United States Constitution, Amendments V and XIV. The reasonable doubt standard, therefore, is an indispensable component of every criminal proceeding. *In re Winship,* 397 U.S. 358, 361-64, 90 S. Ct. 1068, 1071-73 (1970). Indeed, it has been indicated that failure to instruct a jury on the necessity of proof of guilt beyond a reasonable doubt can never be harmless error. *Jackson v. Virginia,* 443 U.S. 307, 320, n. 14, 99 S. Ct. 2781, 2790, n. 14 (1979). *See Cool v. United States,* 409 U.S. 100, 104, 93 S. Ct. 354, 357 (1972). *Cf., Taylor v. Kentucky,* 436 U.S. 478, 482-88, 98 S. Ct. 1930, 1933-36 (1978). Because the reasonable doubt standard is an indispensable constitutionally mandated

component of every criminal proceeding, a requested instruction explaining its import is applicable within the meaning of Md. Rule 757 (b).

Having found that an instruction explaining "reasonable doubt" is applicable in every criminal proceeding, we must now consider whether the instruction requested here correctly stated the law. In *Lambert v. State,* 193 Md. 551, 558-61, 69 A.2d 461, 464-65 (1949), this Court considered the question whether it was error for a trial judge to instruct a jury as to the meaning of the term "reasonable doubt." There, the Court said:

> "After instructing the jury that the State must prove the commission of the crime beyond a reasonable doubt and to a moral certainty, the judge said: 'That doesn't mean, however, that the State must prove those elements of a crime to an absolute or mathematical certainty. It means such evidence as you would act upon in a matter involving important affairs in your life or your business or with regard to your property. If the evidence is sufficient that you would act upon it in la very important matter in your own lives, then it is sufficient to convict in a criminal case.'
>
> "It is a fundamental rule that the jury in a criminal case, before finding a verdict of guilty, must be satisfied of the guilt of the accused beyond a reasonable doubt. From time to time there has been controversy as to whether it is proper for a trial judge to attempt to instruct the jury as to the meaning of reasonable doubt. The term, as used in criminal law, may be defined broadly in the language of Chief Justice Shaw in *Commonwealth v. Webster,* 5 Cush (Mass.) 295, 320, 52 Am. Dec. 711, 731, as 'that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the minds of jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the

charge.' In more recent years some of the courts have expressed the opinion that the English language is not adequate to give a specific definition of 'reasonable doubt' that would simplify its meaning, for the rule requiring that the jury must be satisfied beyond a reasonable doubt is generally as simple and intelligible as a guide for the jury as any rule that could be formulated. In fact, it is recognized that the rule is quite frequently made obscure by attempts at definition, which serve to create doubts instead of removing them. This danger of confusing the minds of the jurors in attempting to define 'reasonable doubt' has prompted some of the trial judges to refuse to attempt to give any definition. Of course, a definition is not reversible error unless, by reason of peculiar circumstances or phraseology, such an instruction misleads or confuses the jury. Nevertheless, it has been the general practice of the overwhelming majority of the courts of this country to offer the jury some explanation of the term.

. . .

"In accordance with the rule followed by the Federal courts and by the great majority of the State courts in America, we hold that, after the judge in a criminal trial instructs the jury that the State must prove the charge beyond a reasonable doubt in order to convict, it is not erroneous to instruct the jury that evidence is sufficient to remove a reasonable doubt when it convinces the judgment of an ordinarily prudent man of the truth of a proposition with such force that he would act upon that conviction without hesitation in his own most important affairs.

. . .

"We do not feel that the instruction to the jury in the case at bar was prejudicial." (Citations omitted.)

This case established that a properly phrased instruction,

similar to the one actually given, was a correct statement of the law which did not constitute error. It did not confuse the jury and was not prejudicial to the accused.

We see no reason to depart from the holding in *Lambert.* In our view, the term "reasonable doubt" is not so commonplace, simple, and clear that its meaning is self-evident to a jury. Even judges, who have "professional expertise" and "experience," and who, by their "legal training, traditional approach to problems, and the very state of the art of [their] profession . . . learn to perceive, distinguish and interpret the nuances of the law which are its 'warp and woof,' " *State v. Hutchinson,* 260 Md. 227, 233, 271 A.2d 641, 644 (1970), have difficulty construing the meaning of "reasonable doubt." Indeed, in myriads of cases, trial judges have committed error by incorrectly explaining "reasonable doubt." [4] Some unskilled and untutored lay jurors are at least as likely as some judges to misconstrue the meaning of "reasonable doubt." Consequently, a correct explanation may well serve the useful function of enlightening rather than confusing a jury.

We now affirm the holding in *Lambert* that a correct explanation of "reasonable doubt" is a correct statement of the law and does not constitute error. It is not confusing to the jury, and therefore is not prejudicial to the accused. [5]

---

4. In Maryland, there are no cases which hold that a trial judge has committed error by incorrectly explaining "reasonable doubt." In other jurisdictions, such cases exist. *E.g.,* Dunn v. Perrin, 570 F.2d 21, 23-24 (1st Cir. 1978); United States v. Bridges, 499 F.2d 179, 186 (7th Cir. 1974); United States v. Alvero, 470 F.2d 981, 983 (5th Cir. 1972); United States v. Guglielmini, 384 F.2d 602, 607 (2d Cir. 1967); Scurry v. United States, 347 F.2d 468, 469-70 (D.C. Cir. 1965); United States v. Byrd, 352 F.2d 570, 575 (2d Cir. 1965); Hughes v. United States, 363 A.2d 284, 287 (D.C. 1976); State v. Boyken, 217 N.W.2d 218, 219 (Iowa 1974); Commonwealth v. Ferreira, 373 Mass. 116, 122, 364 N.E.2d 1264, 1272-73 (1977); People v. Johnson, 46 App. Div. 2d 123, 127, 361 N.Y.S.2d 921, 926 (1974); Commonwealth v. Young, 456 Pa. 102, 108-11, 317 A.2d 258, 261-62 (1974).

5. A majority of courts in other jurisdictions agree. *E.g.,* Holland v. United States, 348 U.S. 121, 140, 75 S. Ct. 127, 138 (1954); Miles v. United States, 103 U.S. 304, 312 (1880); United States v. Allen, 596 F.2d 227, 230 (7th Cir.), *cert. denied,* 444 U.S. 871, 100 S. Ct. 149 (1979); United States v. Arquelles, 594 F.2d 109, 112, n. 3 (5th Cir. 1979); Rivett v. State, 578 P.2d 946, 949-50 (Alas. 1978); State v. Olivera, 555 P.2d 1199, 1201-02 (Hawaii 1976); Whorton v. Commonwealth, 570 S.W.2d 627, 631 (Ky. 1978); State v. Palumbo, 327 A.2d 613, 616 (Me. 1974); State v. Black, 116 N.H. 836, 837-38, 368 A.2d 1177, 1178-79 (1976); Strawderman v. Commonwealth, 200 Va. 855, 858, 108 S.E.2d 376, 379 (1959).

Accordingly, we now hold that under Md. Rule 757 (b), a trial judge in a criminal case, must give an instruction correctly explaining "reasonable doubt" if requested by the accused.[6]

Here, the accused requested the trial judge to explain "reasonable doubt" to the jury by repeating the explanation that he had already given in his extensive preliminary remarks made at the beginning of the trial. That explanation was substantially the same as the one given in *Lambert* and was, therefore, a correct statement of the applicable law. Accordingly, under Md. Rule 757 (b), the trial judge was required to give the requested instruction explaining "reasonable doubt" unless it was fairly covered by instructions already given.

Rules 757 (b) and 757 (d) define an "instruction" as a communication from the judge to the jury made after the close of the evidence. Ordinarily, preliminary remarks do not perform the function of jury instructions. In *Dodson v. United States,* 23 F.2d 401, 403 (4th Cir. 1928), the United States Circuit Court of Appeals for the Fourth Circuit said:

"We think, too, that the defendant was entitled to

---

**6.** Courts in other jurisdictions which have considered this question agree. Blatt v. United States, 60 F.2d 481, 481 (3d Cir. 1932); Nanfito v. United States, 20 F.2d 376, 378 (8th Cir. 1927); Schenks v. United States, 55 App. D.C. 84, 86, 2 F.2d 185, 187 (1924). *See* Payne v. State, 233 Ga. 294, 311, 210 S.E.2d 775, 787 (1974); State v. Staley, 37 N.C. App. 18, 20, 245 S.E.2d 110, 112 (1978).

Courts in some jurisdictions have stated that it is mandatory to give an instruction explaining "reasonable doubt," even in the absence of a request. *E.g.,* United States v. Pepe, 501 F.2d 1142, 1143 (10th Cir. 1974); Friedman v. United States, 381 F.2d 155, 160-61 (8th Cir. 1967); State v. Holm, 93 Idaho 904, 908, 478 P.2d 284, 288 (1970); People v. Giamanco, 67 App. Div. 2d 1008, 1008, 413 N.Y.S.2d 746, 747 (1979); Commonwealth v. Young, 456 Pa. 102, 111-12, 317 A.2d 258, 262-63 (1974). *See* Williams v. United States, 271 F.2d 703, 705 (4th Cir. 1959) (dicta). *See also* 1 Wharton's Criminal Evidence, § 12 (13th ed. 1972). Others have held that, while such a requested instruction is proper, whether to give it is a matter within the trial judge's discretion. *E.g.,* United States v. Lawson, 507 F.2d 433, 439-42 (7th Cir. 1974), *cert. denied,* 420 U.S. 1004, 95 S. Ct. 1446 (1975). *See* McCormick on Evidence, § 341 (2d ed. 1978). Still others have held that any instruction explaining "reasonable doubt" constitutes error. People v. Cagle, 41 Ill. 2d 528, 536, 244 N.E.2d 200, 204 (1969); Orrill v. State, 509 P.2d 930, 932 (Okla. Crim. 1973); Blakely v. State, 542 P.2d 857, 861 (Wyo. 1975); Cosco v. State, 521 P.2d 1345, 1346 (Wyo. 1974). *See* 9 Wigmore on Evidence, § 2497 (3d ed. 1940).

have the jury instructed as to the presumption of innocence at the time when they were given the other instructions in the case. Jurors understand that they are to be guided in their deliberations by the instructions given them after the testimony is concluded; and the accused is entitled to have any proper instruction given at that time. An instruction given at the beginning of the trial is likely to be forgotten or misunderstood; and in this case, even if the charge as to the presumption of innocence had been correct, the jury might well have concluded that, having been given at the beginning of the trial, and not along with the other instructions, it was not a matter which they were to consider in their deliberations."

More recently, in *People v. Newman,* 46 N.Y.2d 126, 129-31, 385 N.E.2d 598, 600-01, 412 N.Y.S.2d 860, 862-63 (1978), the Court of Appeals of New York said:

"It is well and good for Trial Judges to give jurors the benefit of an introductory and explanatory address to help dissipate some of the mystery that may lurk in laypersons who are about to undertake the responsibilities of playing a significant and determinative, albeit transient, role in the adjudicative process. It is also more than helpful, and in some cases essential, that jurors be familiarized with pertinent rules and procedures peculiar to the law and the courts and perhaps the particular matter at hand. Every Judge who has had to preside over a jury trial and every lawyer who has ever prepared or tried such a case appreciates the advantages of such indoctrination in easing the transition jurors must make as they move from their usual occupational environments into the world of law.

"The desirability of orientation, however, does not excuse the requirement for the eventual predeliberation instructions which would

ordinarily be included in a charge in a particular case. To believe that the first is a substitute for the second, or to act as if it does not matter when but only that a charge is given, is to misapprehend the function of the latter. For a charge should do more than merely articulate the legal principles applicable to the case to be decided. Among other things, it should also focus attention on the specific factual issues raised by the evidence to which the principles are to be applied.

"The presentation of the proofs as they have actually developed, the conflicts thereby created in the minds of jurors, the contentions advanced on interrogation and in argument by opposing counsel — these are the sort of things that turn dry-sounding legal propositions into living laws whose significance jurors will readily appreciate and apply as tools to the resolution of a case they have come to know. On the other hand, before the jurors will have experienced this exposure to the trial process, the same words, when heard by the untutored ear for the first time, may come off as little more than abstract and highsounding phraseology. A charge given as here, before any of the evidence was in and before the witnesses had been heard or seen, indeed before the lawyers had even opened on what they intended to prove, obviously is not suited to that purpose. In brief, the issue crystallization process can only achieve its potential if detailed instructions are given immediately before the jury's deliberation. Introductory remarks are no substitute.

"Moreover, the time interval between the outset of trial and the point at which jurors begin their deliberations, what with the plethora of facts and arguments to which they may be exposed in the interim, makes it extremely unlikely that preliminary instructions would carry much weight in the jury room. Common experience teaches that

things we were told most recently are those we will usually remember. And it is no accident of statutory draftsmanship, but rather the product of logic and long experience, that in every one of the United States, without exception, the practice is to charge at a terminal stage of the case. In our own, as in most, it is at the 'conclusion of the summations.'

"It also goes without saying that even the premature instruction with which we here are concerned, recited as it was at a time when at best it could only be surmised as to what the proof would turn out to be, was not co-ordinated with what later would turn out to be the evidence relevant to each specific element that had to be proved to establish guilt. Such a charge, without more, would in any event have run the risk that it would not be sufficiently comprehensible in the context of a case tried on a multicount, multielement indictment like the one this defendant faced." (Citations omitted.)

Because preliminary remarks ordinarily do not perform the function of jury instructions, such remarks cannot be considered to be jury instructions within the meaning of Md. Rules 757 (b) and 757 (d).[7]

Here, the record shows that the accused was tried in a consolidated trial under two separate multicount indictments. The trial judge's preliminary remarks to the jury were made before opening statements and before the presentation of any evidence. These remarks were quite extensive and included not only an explanation of "reasonable doubt," but also technical explanations of other legal concepts including the role of the jury as judge of the law and the facts, the advisory nature of instructions, the distinction between different types of evidence, the

---

7. *Contra,* People v. Benjamin, 3 Cal. App. 3d 687, 698-99, 83 Cal. Rptr. 764, 770 (1970); People v. Webb, 66 Cal. 2d 107, 128, 56 Cal. Rptr. 902, 916, 424 P.2d 342, 356 (1967).

standards for evaluating credibility, the requirement of impartiality, the presumption of innocence, the burden of proof, the role of attorneys, and the procedures for the conduct of the trial. Moreover, the remarks were made approximately six hours before the close of the evidence. The record further shows that after the close of the evidence the trial judge admonished the jury to recall his explanation of "reasonable doubt," given six hours earlier, but refused to repeat it.

Under the present circumstances, the trial judge's preliminary remarks, which failed to focus attention on the specific factual issues to which the reasonable doubt standard was to be applied, were unlikely to have much impact on the jury, even if remembered. Moreover, it was unlikely that the jury would be able to recall the trial judge's preliminary remarks explaining "reasonable doubt," even after he specifically admonished it to do so.

We now hold that the trial judge's preliminary remarks explaining "reasonable doubt" did not constitute an instruction within the meaning of Md. Rules 757 (b) and 757 (d) and that his subsequent admonition to the jury to recall them was insufficient to convert those preliminary remarks into an instruction. Accordingly, the requested instruction defining "reasonable doubt" was not fairly covered by instructions already given. Thus, the trial judge erred in failing to give the requested instruction.

The only remaining question is whether the error committed here constituted reversible error. Here, the accused himself did not testify and did not present any other evidence. His sole defense was that the State had failed to sustain its burden of proving his guilt beyond a reasonable doubt. Under these circumstances, we cannot say, beyond a reasonable doubt, that the trial judge's failure to give a requested instruction explaining "reasonable doubt" did not contribute to the jury's guilty verdict. *Dempsey v. State,* 277 Md. 134, 150, 355 A.2d 455, 463 (1976); *Dorsey v. State,* 276 Md. 638, 659, 350 A.2d 665, 678 (1976). Accordingly, the

trial judge's failure to give the requested instruction constituted reversible error.

> *Judgment of the Court of Special Appeals reversed and case remanded to that court with directions to reverse the judgment of the Circuit Court for Montgomery County, and to remand the case to that court for a new trial; pursuant to Maryland Rule 882 f, costs are not reallocated.*