585 A.2d 209

**Willard H. WILLIAMS**

v.

**STATE of Maryland.**

**No. 25, Sept. Term, 1990.**

Court of Appeals of Maryland.

Feb. 6, 1991.

</div>

José Felipé Anderson, Asst. Public Defender (Alan H. Murrell, Public Defender, both on brief), Baltimore, for petitioner.

Gwynn X. Kinsey, Jr., Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued Oct. 9, 1990 before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE and CHASANOW, JJ.

Reargued Jan. 4, 1991 before MURPHY, C.J., ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW and KARWACKI, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals (retired), Specially Assigned.

CHARLES E. ORTH, Jr., Judge, Specially Assigned.

## I

When the judge had given her instructions to the jury at the conclusion of all of the evidence in the first degree murder trial of Willard H. Williams in the Circuit Court for Baltimore City, there was a bench conference marked by the following colloquy between the judge and defense counsel:

[DEFENSE COUNSEL]: I have several exceptions, Your Honor. Perhaps I missed it, although I was trying to listen carefully and take down notes. I know that you did give the jury an instruction on the burden of proof and the beyond a reasonable doubt. I don't believe the Court ever mentioned the term or explained the presumption of innocence.

THE COURT: I never do those terms....

[DEFENSE COUNSEL]: I would ask the Court to do so.

The judge responded that she thought that her reasonable doubt instructions, which were the ones she had "used for some years," were adequate. Defense counsel said, "I would ask the court to explain what the presumption of innocence is ... both by name ... and by substance." The judge believed that she had done so, although she had not "called it that." Defense counsel made his disagreement known:

I don't think the court quite covered it and I think it is a subject which needs to be addressed specifically and specifically by name.

The judge admitted she had not referred to the presumption of innocence as such and declared "I'm not going to do it now." Defense counsel tried once more. "Just for the record I would ask for you to do so." It is clear that defense counsel was persistent in seeking an instruction on the presumption of innocence, and that the judge was adamant in her refusal to give that instruction. The judge prevailed, confident in the adequacy of the instructions that she gave on burden of proof and reasonable doubt.[1]

The jury convicted Williams of manslaughter. He appealed from the judgment entered on the conviction and the Court of Special Appeals affirmed in an unreported opinion. We granted Williams' petition for the issuance of a writ of certiorari. The case was briefed and argued, but before decision it was reargued on our order. The sole question for our review is the propriety of the holding of the intermediate appellate court that the trial judge did not err in refusing to give the instruction that Williams requested on "the presumption of innocence."

## II

### A

The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law.

*Coffin v. United States,* 156 U.S. 432, 453, 15 S.Ct. 394, 402, 39 L.Ed. 481 (1895). *Coffin's* declaration was quoted with

---

1. Before the judge began her charge to the jury, defense counsel informed her that he had written some proposed instructions and given a copy to the State. The judge said:
    As you know from having tried many cases in my Court, I rarely give instructions in the form they're presented because I have developed my own set....
   *See* Md. Rule 4–325(b). The proposed written instructions are not included in the record before us, and we do not know what they proposed.

approval in *Estelle v. Williams,* 425 U.S. 501, 503, 96 S.Ct. 1691, 1692, 48 L.Ed.2d 126 (1976). The Court pointed out:

> The presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice.

*Id.* The origin of the principle is indeed of ancient vintage. "The *Coffin* court traced the venerable history of the presumption from Deuteronomy through Roman law, English common law, and the common law of the United States." *Taylor v. Kentucky,* 436 U.S. 478, 483, 98 S.Ct. 1930, 1933, 56 L.Ed.2d 468 (1978). *See Coffin,* 156 U.S. at 454–456, 15 S.Ct. at 403–404. *Coffin* observed, at 455, 15 S.Ct. at 403, "[T]he practice which flowed from [the principle] has existed in the common law from the earliest time." *See Agnew v. United States,* 165 U.S. 36, 51–52, 17 S.Ct. 235, 241–242, 41 L.Ed. 624 (1897). The principle remains the law to this day. *Taylor,* 436 U.S. at 483, 98 S.Ct. at 1933. *"The presumption of innocence,"* 9 Wigmore, Evidence § 2511 at 530 (Chadbourn rev. 1981) declared, "is fixed in our law." (Emphasis in original, footnote omitted.)

The opinions of this Court have consistently espoused the principle: "The law presumes every accused to be innocent. . . ."—*State v. Lassotovitch,* 162 Md. 147, 155, 159 A. 362 (1932); "[t]he trier of facts in a criminal case is enjoined by law to give due force to the presumption of innocence. . . ."—*Berry v. State,* 202 Md. 62, 67, 95 A.2d 319 (1953); "[o]f course, the law presumes every man innocent of crime. . . ."—*Thomas v. State,* 206 Md. 575, 587, 112 A.2d 913 (1955); "[e]veryone accused of crime in this State is presumed to be innocent. . . ."—*Malcolm v. State,* 232 Md. 222, 225, 192 A.2d 281 (1963). *Jordan v. State,* 219 Md. 36, 46, 148 A.2d 292, *cert. denied,* 361 U.S. 849, 80 S.Ct. 105, 4 L.Ed.2d 87 (1959), states the principle in the words of *Berry* and cites to *Hayette v. State,* 199 Md. 140, 144, 85 A.2d 790 (1952). *See Lansdowne v. State,* 287 Md. 232, 235, 412 A.2d 88 (1980). Without question, the principle is firmly fixed in the common law of Maryland.

## B

Although we have adopted the *principle* of presumption of innocence without reservation, we have never defined it or spelled out precisely its impact on the trial of a criminal cause. We have gone no further than to remark that

[t]he trier of facts in a criminal case is enjoined by law to give due force to the presumption of innocence, and then to proceed cautiously in weighing the evidence.

*Berry*, 202 Md. at 67, 95 A.2d 319. As is evident, we have accepted the principle as the law of the land as it is commonly phrased and used in reference to the accused in criminal cases—"a presumption" of innocence in favor of the defendant. That is the phrasing by which the concept is recognized by the average person on the street. In the context of a criminal trial, we are not, and we are satisfied that the average person is not, strictured by the technical definition of the meaning of "presumption." The key word is "innocence," not "presumption." [2] As *Taylor* put it, the

---

**2.** The Court in *Taylor v. Kentucky*, 436 U.S. 478, 483–484 n. 12, 98 S.Ct. 1930, 1934 n. 12, 56 L.Ed.2d 468 (1978), commented on the inaccuracy of the term "presumption of innocence."

The principal inaccuracy is the fact that it is not technically a "presumption"—a mandatory inference drawn from a fact in evidence. Instead, it is better characterized as an "assumption" that is indulged in the absence of contrary evidence.

9 Wigmore, Evidence § 2511 at 530 (Chadbourn rev. 1981) declared that the term is subject to two fallacies, the first of which is "that it is a genuine *addition to the number of presumptions....*" McCormick's Handbook on the Law of Evidence § 342 at 965 (E.W. Cleary, ed. 1984) ventures that "'presumption' is the slipperiest member of the family of legal terms, except its first cousin, 'burden of proof.'" McCormick posits that the term "presumption of innocence" is mislabeled as used in criminal cases and suggests that "[t]he phrase is probably better called the 'assumption of innocence'...." *Id.* at 967.

The second fallacy recognized by Wigmore is that the presumption of innocence is *per se* evidence. *Id.* at 530. The root of this fallacy was *Coffin* and received apparent sanction in *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). This aberration by the Supreme Court proved to be temporary. Professor J. Thayer in a lecture before the Law School of Yale University, later published in Appendix B to his opus entitled "A Preliminary Treatise on Evidence at the Common Law," demolished this concept. The Court then recanted to an extent in *Agnew v. United States,* 165 U.S. 36, 17 S.Ct.

principle does not operate as a true "presumption," that is a mandatory inference drawn from a fact in evidence, but rather as an "assumption" that is indulged in the absence of contrary evidence. 436 U.S. at 483–484 n. 12, 98 S.Ct. at 1934 n. 12. *See* note 2, *supra.* Wigmore explained:

> [T]he "presumption of innocence" is in truth merely another form of expression for a part of the accepted rule for the burden of proof in criminal cases, i.e., the rule that it is for the prosecution to adduce evidence and to produce persuasion beyond a reasonable doubt. As to this latter part, the measure of persuasion, the "presumption" says nothing. As to the former part, the "presumption" implies what the other rule says, namely, that the accused (like every other person on whom the burden of proof does not lie) may remain inactive and secure, until the prosecution has taken up its burden and produced evidence and effected persuasion; i.e., to say in this case, as in any other, that the opponent of a claim or charge is presumed not to be guilty is to say in another form that the proponent of the claim or charge must evidence it.

*Id.* at 530 (citations and footnote omitted). Wigmore concluded: "So far then, as the 'presumption of innocence' adds anything it is particularly a warning not to treat certain things improperly as evidence." *Id.* at 532. McCormick's Handbook on the Law of Evidence § 342 at 967 (E.W. Cleary ed. 1984) agreed that the principle

> is probably better called the "assumption of innocence" in that it describes our assumption that, in the absence of contrary facts, it is to be assumed that any person's conduct upon a given occasion was lawful.

To put it simply, "the presumption of innocence and the prosecution's burden of proof are logically similar...." *Taylor,* 436 U.S. at 484, 98 S.Ct. at 1934. The opinions of

---

235, 41 L.Ed. 624 (1897), and the Court in *Taylor* laid the "unfortunate heresy," as Wigmore put it at 533 n. 6, to final rest. *Taylor,* 436 U.S. at 483–484 n. 12, 98 S.Ct. at 1934 n. 12. It is now universally recognized that the principle of presumption of innocence is not evidence.

this Court have regularly coupled the presumption of innocence principle and the burden of proof beyond a reasonable doubt principle. When we have referred to the presumption of innocence, we have followed with a warning to the effect that "in order to warrant a finding of guilt, it is incumbent upon the State affirmatively to establish the defendant's guilt beyond a reasonable doubt." *Malcolm*, 232 Md. at 225, 192 A.2d 281. *See Johnson v. State*, 227 Md. 159, 163, 175 A.2d 580 (1961); *Jordan*, 219 Md. at 46, 148 A.2d 292; *Thomas*, 206 Md. at 587, 112 A.2d 913; *Berry*, 202 Md. at 67, 95 A.2d 319.

## C

We discussed the reasonable doubt principle in *Lansdowne*. We declared, "The reasonable doubt standard plays a vital role in the American scheme of criminal procedure," 287 Md. at 239, 412 A.2d 88. We determined that "[t]he requirement that the prosecution prove guilt beyond a reasonable doubt is constitutionally mandated...." *Id.* We pointed out:

Because the reasonable doubt standard is an indispensable constitutionally mandated component of every criminal proceeding, a requested instruction explaining its import is applicable within the meaning of Md. Rule 757(b) [Now Rule 4–325, entitled "Instructions to the Jury"].

*Id.* at 239–240, 412 A.2d 88. We have declared: "Proof beyond a reasonable doubt upon the evidence as a whole is the measure [the jury] must require in order to convict...." *Berry*, 202 Md. at 67, 95 A.2d 319. We have warned that "failure to instruct a jury on the necessity of proof of guilt beyond a reasonable doubt can never be harmless error." *Lansdowne*, 287 Md. at 239, 412 A.2d 88.

## III

Although the scholars, legal literati, and authors of academic literature have deemed the phrase "presumption of innocence" to be "technically inaccurate and perhaps even

misleading in the sense that it suggests that there is some inherent probability that the defendant is innocent," McCormick at 968, nevertheless, they "advise against abandoning the instruction on the presumption of innocence even when a complete explanation of the burden of proof beyond a reasonable doubt is provided," *Taylor*, 436 U.S. at 484, 98 S.Ct. at 1934.

> This admonition derives from a perceived salutary effect upon lay jurors. While the legal scholar may understand that the presumption of innocence and the prosecution's burden of proof are logically similar, the ordinary citizen well may draw significant additional guidance from an instruction on the presumption of innocence.

*Id. Taylor* described this effect in the words of Wigmore:

> "[I]n a criminal case the term [presumption of innocence] does convey a special and perhaps useful hint, over and above the other form of the rule about the burden of proof, in that it cautions the jury to put away from their minds all the suspicion that arises from the arrest, the indictment, and the arraignment, and to reach their conclusion solely from the legal evidence adduced. In other words, the rule about burden of proof requires the prosecution by evidence to convince the jury of the accused's guilt; while the presumption of innocence, too, requires this, but conveys for the jury a special and additional caution (which is perhaps only an implied corollary to the other) to consider, in the material for their belief, *nothing but the evidence,* i.e., no surmises based on the present situation of the accused. This caution is indeed particularly needed in criminal cases."

*Taylor* at 484–485, 98 S.Ct. at 1934, quoting 9 J. Wigmore, Evidence § 2511 at 407 (3d ed. 1940) (footnote omitted, emphasis in original). McCormick pointed out:

> In criminal cases, the "presumption of innocence" has been adopted by judges as a convenient introduction to the statement of the burdens upon the prosecution, first of producing evidence of the guilt of the accused and, second, of finally persuading the jury or judge of his guilt

beyond a reasonable doubt.... Like the requirement of proof beyond a reasonable doubt, it at least indicates to the jury that if a mistake is to be made it should be made in favor of the accused....

*Id.* at 967–968. McCormick agreed with Wigmore that the term presumption of innocence " 'does convey a special and perhaps useful hint ... in that it cautions the jury ... to reach their conclusion solely from the legal evidence adduced.' " McCormick at 968 (footnote omitted). McCormick discovered:

Most courts insist on the inclusion of the phrase in the charge to the jury, despite the fact that at that point it consists of nothing more than an amplification of the prosecution's burden of persuasion.

*Id.* at 968.

We have stated that reasonable doubt cannot be defined by itself and must be explained to the jury in a manner indicating the degree of gravity with which the decision making process should be endowed. *Montgomery v. State,* 292 Md. 84, 95, 437 A.2d 654 (1981). We have not mandated any particular language to be used to describe reasonable doubt, but the close alliance between the reasonable doubt principle and the presumption of innocence principle clearly indicates that the latter would aid in explaining the former. The Maryland Pattern Jury Instructions—Criminal, fashioned by a Committee of Maryland State Bar Association, Inc., suggests an instruction on the presumption of innocence as a lead-in to an instruction on the burden of proof beyond a reasonable doubt:

The defendant is presumed to be innocent of the charges. This presumption remains with the defendant throughout every stage of the trial and is not overcome unless you are convinced beyond a reasonable doubt that the defendant is guilty.

MPJI–Cr § 2:02 (1987), entitled "Presumption of Innocence and Reasonable Doubt." D.E. Aaronson, Maryland Criminal Jury Instructions and Commentary § 1.03 (2d ed. 1988) proposes an instruction on the presumption of innocence as

an introduction to an instruction on the burden of proof beyond a reasonable doubt:

> Every defendant in a criminal case is presumed to be innocent. You should not assume that the defendant is guilty because he is on trial. The presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt.

Obviously, the Maryland legal profession as represented by the Maryland Bar Association, as well as "most courts," scholars, and other legal literati, are not fearful that by informing the jury of the presumption of innocence principle the jury will thereby be misled. At the least, the many who advocate the inclusion of such an instruction are satisfied that the salutary effect of the instruction on our criminal justice process far outweighs any possible adverse effect it may have. We share that view.

## IV

██ Md. Rule 4–325(c) provides:

> The court may, and at the request of any party shall, instruct the jury as to the applicable law and the extent to which the instructions are binding. The court may give its instructions orally or, with the consent of the parties, in writing instead of orally. The court need not grant a requested instruction if the matter is fairly covered by instructions actually given.

We have held that the word "shall," as employed in the rule, renders the rule mandatory. *Binnie v. State,* 321 Md. 572, 582, 583 A.2d 1037, 1041 (1991). *See Sims v. State,* 319 Md. 540, 550, 573 A.2d 1317 (1990); *Smith v. State,* 302 Md. 175, 179–180, 486 A.2d 196 (1985); *Bruce v. State,* 218 Md. 87, 97, 145 A.2d 428 (1958). We have determined that the presumption of innocence principle is firmly fixed in the common law of this State. Inasmuch as the principle reflects the law applicable to criminal causes, Rule 4–325(c) commands that an instruction as to it be given when requested unless it is fairly covered by instructions actually

given. Williams has no quarrel with the instructions actually given by the trial judge. Indeed, the judge fully explained the burden of proof beyond a reasonable doubt principle. In her comments preliminary to opening statements by counsel, in her instructions at the conclusion of all the evidence and in her supplement of them after argument of counsel, she repeatedly voiced the burden of proof requirement and the reasonable doubt standard. She emphasized that the verdict of the jury must be determined only on the evidence presented to it. She told the jury:

> You must base your verdict solely upon the evidence which you heard in this courtroom over the last several days and on that evidence alone, that evidence consisting of the testimony of the witnesses, the exhibits which you may take with you to the jury room, and I believe there were a couple of stipulations also admitted into evidence.

She explained that "[t]he arguments and statements of counsel which you heard at the beginning of the case and which you will again be hearing at the end are not evidence in the case." She made clear that

> the fact that Mr. Williams was indicted for this crime is not evidence that he did or did not commit it and in considering your possible verdicts you should totally disregard the fact that he was the subject of a criminal indictment. The indictment was merely the way by which he was advised of the charges against him so that he would be able to prepare his defense.

But she adamantly refused to inform the jury with respect to the presumption of innocence principle. We are satisfied that the requested instruction was not fairly covered by the instructions actually given, no matter how complete they were otherwise.

■ Defense counsel in his closing argument presented the presumption of innocence principle to the jury.

> The Judge has talked to you about some terms. She talked about the burden of proof. And she may not have used the word presumption of innocence but the reason the burden of proof is as it is is because Mr. Williams is

presumed innocent and that presumption of innocence is a constitutional protection. It is like a suit of armor. Can it be pierced? Yes, it can. No way to deny that. Of course that suit of armor can be pierced but he has that protection and it requires that great an effort, that great a degree of proof in order to pierce that armor. He had that armor on him when he started, he has it on now. He has it on while you are up in that jury room. I ask you to remember about that, the State has the burden to prove every single fact to you beyond a reasonable doubt. Remember that was the Judge's instruction.

*See* Md. Rule 4–325(f). This did not serve to correct the omission of the requested instruction. *Taylor,* 436 U.S. at 488–489, 98 S.Ct. at 1936, warned, "[A]rguments of counsel cannot substitute for instructions by the court." *Taylor* explained:

> [The defendant's] right to have the jury deliberate solely on the basis of the evidence cannot be permitted to hinge upon a hope that defense counsel will be a more effective advocate for that proposition than the prosecutor will be in implying that extraneous circumstances may be considered. It was the duty of the court to safeguard [defendant's] rights, a duty only it could have performed reliably.

*Id.* at 489, 98 S.Ct. at 1936.

## V

■ We hold that, in a criminal trial, the failure of a trial judge to give an instruction as to the presumption of innocence principle when duly requested is erroneous.

■ This is not to say that such failure *per se* mandates reversal. In proper circumstances, the error may be harmless under the test adopted in *Dorsey v. State,* 276 Md. 638, 350 A.2d 665 (1976). But such circumstances were not present here. This case turned on credibility. The guilt or innocence of Williams depended in the main on whether the jurors believed the State's witnesses or Williams and wit-

nesses on his behalf. The trial was essentially, as the Court characterized the trial in *Taylor* —"a swearing contest." 436 U.S. at 488, 98 S.Ct. at 1936. This heightened the risk of the consequences flowing from the refusal to give the requested instruction.

We make no attempt to prescribe the precise language to be used to convey the presumption of innocence principle to the jury. The heart of the principle is that the accused stands innocent until the jury is convinced that he is guilty upon evidence placed before it which is legally sufficient to sustain its verdict. The phrasing should be adequate to convey the heart of the principle to a man on the street as representative of the average juror.[3]

## VI

We have held that the principle of presumption of innocence is firmly established in the common law of Maryland. We have further held that the principle, as the law of this State, is within the dictates of Md. Rule 4–325. We have determined that Williams requested, as required by paragraph (c) of the Rule, an instruction on the presumption of innocence, and that he objected, as prescribed by paragraph (e), to the refusal of the trial judge to honor his request. We have found that the failure of the trial judge to give the requested instruction was erroneous as in violation of paragraph (c). We have concluded that, under the circum-

---

**3.** "Instructing a jury that 'there is no presumption of innocence' is reversible error." D.E. Aaronson, Maryland Criminal Jury Instructions and Comment § 1.03 at 12 (2d ed. 1988). Aaronson comments that such an instruction

> may mislead the jury into believing that the protections traditionally afforded by the presumption of innocence, for some unexplained reason, do not apply in the particular case at bar.

*Id. See Pitts v. State,* 36 Md.App. 594, 600–601, 374 A.2d 632, *cert. denied* 281 Md. 742 (1977). The comment to MPJI–Cr 2:02 (1987) (Presumption of Innocence and Reasonable Doubt) suggests that

> to correct the technical misuse of the term presumption by indicating that there is no presumption in either direction may confuse the jury by seemingly contradicting the remainder of the instruction, even though it placed the burden on the State....

stances of this case, the error was not harmless. It follows that Williams is entitled to a new trial.

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED;

CASE REMANDED TO THAT COURT WITH DIRECTION TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AND TO REMAND THE CASE TO THAT COURT FOR A NEW TRIAL.

COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.