656 A.2d 326

Tyrone A. DAVIS

v.

STATE of Maryland.

No. 868, Sept. Term, 1994.

Court of Special Appeals of Maryland.

March 30, 1995.

Shannon E. Avery, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief) Baltimore, for appellant.

Diane E. Keller, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Stuart O. Simms, State's Atty. for Baltimore City, on the brief) Baltimore, for appellee.

Submitted before MOYLAN, BLOOM and DAVIS, JJ.

BLOOM, Judge.

Tyrone A. Davis was convicted by a jury in the Circuit Court for Baltimore City of unauthorized use of a motor vehicle, for which he was sentenced to four years imprisonment. The sole question presented on his appeal from that judgment is whether the trial judge erred by failing to instruct the jury on the defense of "honest belief."

Baltimore City police found appellant in the driver's seat of a stolen car, which had crashed into a house. He was charged with theft and unauthorized use of the vehicle.

Appellant presented evidence that purported to raise the defense of "honest belief." He explained that he was at a shopping center in Cherry Hill. Bridget Norris drove past him. She was "hacking" (operating an unlicensed cab), and appellant flagged her down. He asked her to drive him to Mondawmin and she agreed. Appellant averred that he had no reason to believe that Ms. Norris's vehicle was stolen; on the contrary, Ms. Norris told him that the vehicle had been lent to her by a friend. During the ride, Ms. Norris crashed the car into a house. Appellant explained that both he and Ms. Norris got out of the car. She left, he said, to call the police, while he remained with the car. About ten minutes later the police arrived and placed him under arrest. Officer Anthony Brown of the Baltimore City Police Department, testifying for the State, stated that when he arrived he saw appellant sitting in the driver's seat of the car.

Based on the evidence presented by the defense, appellant's counsel asked the trial judge to give the jury an "honest belief" instruction as to both theft and unauthorized use, explaining her request as follows:

An honest belief instruction, in that if they find that the defendant acted in an honest belief that he had a right to obtain or exert control over the property as he did, then that would be a defense as to theft in section 343, defenses to theft.... But I'm also arguing that it would be a defense for unauthorized use because guilty knowledge is essential.

The court denied counsel's request, and the question now presented to us is whether the trial judge's refusal to instruct the jury on the defense of "honest belief," pursuant to Md. Code (1957, 1992 Repl.Vol.), Art. 27, § 343, was error. Since appellant was acquitted of theft, we need consider only whether the requested "honest belief" instruction was required for the unauthorized use charge.

Art. 27, § 343 lists the statutory defenses to the offense of *theft,* one of which is that the "defendant acted in the honest belief that he had the right to obtain or exert control over the property as he did." Art. 27, § 343(c)(2). This section was recodified as part of the consolidation of the laws of theft. Laws of Maryland, 1978, Ch. 849. The statute on unauthorized use, Art. 27, § 349, was not part of this consolidation; it is a separate code section from the theft offenses section.

Although § 343 of Art. 27, which lists defenses to the crime of theft, including the defense of "honest belief," does not apply to the separate statutory offense of unauthorized use, the concept of scienter, or guilty knowledge, is common to both crimes, and the absence of scienter is a defense to unauthorized use as well as to theft. Appellant, charged with both theft of the automobile and unauthorized use, insisted that he had no idea when he undertook to ride in the automobile driven by Ms. Morris that she had stolen the car or had no authority to drive it. He was, therefore, entitled to an instruction that embodied the "honest belief" defense set forth in Art. 27, § 343, and the lack of scienter defense appropriate to the unauthorized use charge. *See* Md. Rule 4–325(c). It is incumbent upon the trial court, on request in a criminal case, to give an advisory instruction on every point of law essential to the crime charged and supported by evidence. *Dillon v. State,* 277 Md. 571, 584, 357 A.2d 360 (1976) (citations omitted).

Appellant was not, however, entitled to two separate instructions embodying the same concept. Nor was he entitled to an instruction incorporating any specific language requested by his counsel. A trial judge is not required to give instructions in the precise language requested by counsel; an instruction is sufficient if it fairly covers all the points of law contained in the requested instruction. *McCallum v. State,* 81 Md.App. 403, 410, 567 A.2d 967 (1990), *aff'd,* 321 Md. 451, 583 A.2d 250 (1991) (citing Md.Rule 4–325; *Lansdowne v. State,* 287 Md. 232, 412 A.2d 88 (1980)).

The trial judge in this case gave an instruction adequately covering the defense of lack of scienter when instructing the

jury with respect to the offense of unauthorized use. He specifically told the jury that in order to convict appellant of that offense it had to find that he possessed "guilty knowledge." He said:

In order for a person to be guilty of this offense, such person does not have to be the actual taker, but may be one who participates with the requisite criminal intent, in the continuing use of the property after the original taking. Such person must have guilty knowledge. Guilty knowledge may be inferred from facts and circumstances which would cause a reasonable person of ordinary intelligence, observation and caution to believe in the light of facts and circumstances that the property had been unlawfully taken.

Appellant did not receive an "honest belief" instruction in the language of Art. 27, § 343. With respect to the unauthorized use charge on which he was convicted, however, he did receive a proper instruction fairly covering the point of law—the defense of lack of guilty knowledge—contained in the requested instruction. He has no legitimate basis of complaint about the instructions.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.